## John T. Swartzel v. Annis Dey.

### *Error from Wyandotte County.*

The right to grant new trials on account of excessive damages in actions of slander maintained, but the verdict should not be set aside unless the amount of damages found indicates corruption, passion, partiality or prejudice in the jury.

Where the alleged slanderous words were "shut your mouth you damned whore," the speaking of which was not denied, and where the record shows that the plaintiff below was shown to have kept in her family two lewd women, which was known among her neighbors and to defendant before the speaking, where no evidence appeared that the words were believed, but where the record showed that the plaintiff below was married during the pendency of the suit, where no other direct evidence appeared against, but some sustaining her chastity, and where, on a second trial, the verdict of the jury was for $2,000 damages against the defendant, *held* that the damages under the circumstances, were excessive; the decision of the court below refusing a new trial on that ground, reversed.

In such case where the *form* of the answer is justification, but the *matter* is not, *held* that it was not error for the court below to charge the jury that there was no justification for the defendant under the pleadings.

*Semble*, the action of the court below in allowing the plaintiff below to open and close the trial, both in offering testimony and in the argument of counsel, is a matter of discretion under section 277 of the Code, and not reviewable on error except it may be in extraordinary cases.

The facts in the case, sufficient to present the points decided, appear in the subjoined opinion of the court.

*Jesse Cooper* argued the case for plaintiff, and *Wilson Shannon* for defendant in error.

*Cooper & Stockton,* for plaintiff in error, made the following points :

1st. The words *per se* are not actionable; they import no crime known to the law of Kansas.

2d. The act of February 1859, adopting the common law of England, (Comp. L., 678,) require that special damages in such case be alleged and proved. *Swift's Dig.*, 482 ; *Corslake* v. *Mapledoran*, 2 *T. R.*, 473, *reported,* 5 *English Com. L. R'pt.*, 197; *Gailord* v. *Regault*, 2 *Salkla*, 555 ; *Brand* v; *Roberts*, 4 *Burrow R.*, 2418 ; *Holt* v. *Scofield*, 6 *T. R.*, 694 ; *Sergeant and Rawl*, 44, 451 ; *Starkey on Slander*, 13 *to* 42 ; 2 *Chitty's Prac.*, 467 *to* 472, *and authorities cited and notes.*

3d. The cause of action in the petition is admitted in the answer. The issue is made up by the answer and reply. Defendant below had the affirmative of that issue and should have been allowed to open and close the case. *Civil Code, sec.* 277, *Comp. L.,* 169.

4th. The charge to the jury was erroneous. *Code, secs.* 134, 135, *Comp. L.,* 145.

It is a common law right for a defendant to prove the truth of his words in justification. Section 135 of the Code simply reiterates the common law rule and changes it only in allowing mitigating circumstances to be proved without specially pleading them. Evidence tending to prove the truth of the words can be used in mitigation of damages where it fails to prove a justification.

Our Civil Code is a transcript of section 165 of the New York Code. Under that it is held that the only alteration of the common law rule of pleading, is to allow the party

to set up in defense matter that by common law would not be set up in the same action. Indeed, the cases all recognize the fact that the party may prove the truth of the words in justification of the slander. *Bush* v. *Prosser*, 1 *Ker. Rep.*, 347; *Graham* v. *Stone*, 6 *Howard's Pr. Rep.*, 15; *Slayer* v. *Wooden*, 6 *Id.*, 84; *Anibal* v. *Hunter*, 6 *Id.*, 258; *Budington* v. *Davis*, 6 *Id.*, 401; *Bisby* v. *Shaw*, 2 *Ker.*, 67.

5th. The court erred in overruling the motion for a new trial. The damages were excessive. A prejudice was created by first, the ruling as to the opening and closing of the trial; second, the rulings on the admissibility of evidence; third, the exorbitant verdict shows prejudice. *Potter* v. *Thompson*, 22 *Barb. R.*, 87.

The brief of *Wilson Shannon* for defendant in error, has not come to the hands of the reporter.

*By the Court*, SAFFORD, J.

This was an action for slander brought by Annis Dey against John T. Swartzel, in the District Court of Wyandotte county.

The words charged in the petition to have been spoken of the plaintiff by the defendant, were "shut your mouth you damned whore." The defendant admitted the speaking of the words, alleging that at the time of the speaking, the plaintiff kept a house of ill-fame, then and there resorted to for the purpose of public prostitution—as matter of justification.

The case was first tried at the April term of said court, 1864, and a verdict rendered for the plaintiff for $2,500 damages. The defendant at the same time moved the court for a new trial on the ground of excessive damages, which motion was granted and the cause continued.

At the April term of said court 1865, a second trial was had and a verdict rendered in favor of the plaintiff for the sum of $2,000 damages.

Swartzel v. Dey.

Thereupon the defendant moved the court for a new trial: 1st. On the ground that the damages were excessive and must have been given under the influence of passion or prejudice, and 2d. Because the verdict is not sustained by sufficient evidence and is contrary to law.

The court overruled the motion and gave judgment for the plaintiff in the said sum of $2,000, to which ruling and judgment the defendant excepted and brings the case to this court for review. Various rulings of the court upon questions arising during the progress of the trial, are assigned for error, as well as the ruling upon the motion for a new trial.

The question as to whether or not the court erred in overruling the motion for a new trial will be first considered.

The plaintiff introduced testimony going to show that her character for chastity was good ; one witness testifying that it was such and three others that they had never heard anything against it.

The defendant offered testimony to show that the plaintiff kept a small hotel, and that lewd women were living there in 1859 and '60, as inmates of plaintiff's family ; that the fact of such persons being there was known in the neighborhood and spoken of. The defendant himself testified that previous to the speaking of the words complained of he had heard the report,—as to one of the women, that she was a loose character, from some of the boarders at plaintiff's house and from neighbors. There is no evidence showing that the plaintiff was acquainted with the character of the women spoken of.

Aside from some testimony concerning the time and place of the speaking of the words by the defendant and the presence of third persons, the foregoing is the substance of the evidence that was permitted to go to the jury. It is nowhere shown that any one believed the words spoken to be true of the plaintiff, but the record exhibits the fact

that she was married to one Dey during the pendency of the suit.

Under such circumstances as they appear from the testimony, (and it may be remarked that the record purports to give the whole of it,) the question is, are the damages excessive ?

If so, the court should have sustained the motion for a new trial upon this ground. The right to grant new trials on account of excessive damages in actions of slander is denied by none of the authorities I have been able to examine. Says a distinguished judge in reference to this subject: " It would indeed be a reproach to the law if this power did not exist, and it is clearly recognized in many adjudications. There is probably no class of cases where a jury are more liable to improper excitement, and to be controlled by impulse rather than by sober and unimpassioned judgment than in slander, and if the power to grant new trials in this action is never to be exercised, it would not unfrequently be employed as an instrument of rank injustice and ruinous oppression."

But the authorities are uniform on the point that the verdict should not be set aside unless the amount of damages is so extravagant as to show that the jury acted corruptly or under the influence of passion, partiality or prejudice. We appreciate the force and justice of this rule, and while we adhere to it, its application to this case in our opinion, requires of us to reverse the judgment below, and direct a new trial to be granted. We are reluctant to interfere with the verdict of a jury in any case, and the more so on this occasion from the fact that this was the second trial had in the case. In such an instance the rule referred to should be adhered to with great tenacity. But when it is considered that the plaintiff was married during the pendency of the suit, thus rebutting the idea that her character had been materially injured—that there was some evidence through it may have been slight to show

that the plaintiff had and kept in her family at least two lewd women, and that this was known among the neighbors and to defendant before the speaking of the words, we think the verdict for $2,000 is evidence that it was the result of some unaccountable prejudice, and that we ought not to sustain it. It may have been a case for exemplary damages but we cannot see anything in the evidence which if fairly and impartially weighed by the candid and deliberate judgment of a jury under all the circumstances, would justify them in rendering a verdict for so large a sum.

The views thus expressed, practically dispose of this case as far as this court is concerned, and yet it may not be amiss to notice some of the other grounds assigned for error.

It is contended that the court erred in allowing the plaintiff to open and close the case both in the offering of testimony and the argument to the jury. We do not think that the action of the court in this respect is a matter reviewable on error except it may be in extraordinary cases. It will be seen by an examination of section 277 of the Code that the order of a trial may be changed by the court for special reasons, thus making it a matter of discretion.

The counsel for plaintiff in error also contends that the court erred in charging the jury, that there was no justification for the defendant below as the pleadings stood. We think the court was right. The charge was not, as we understand it, that a party could not justify himself in an action for slanderous words by proving the truth thereof, but that under the pleadings in this case the truth of the matter pleaded would be no justification for the defendant but would only go in mitigation of damages. The form of the defendant's plea was that of justification but the matter of it was not. Hence there was no error in this.

It does not appear that the first question raised in the

brief for plaintiff in error was passed upon or even mentioned on the trial below. We do not therefore feel called upon to consider it. It may be regarded as outside the case.

The objections in regard to the admission of certain depositions will not be likely to arise in this case again, and may be passed over.

The judgment of the court below will be reversed and the cause remanded, with instructions to sustain the motion for a new trial.

All the justices concurring.