THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COM-
PANY V. WILLIAM BAYES.

VERDICT, *Influenced by Statement of Juror; New Trial, Granted.* Where
one of the principal questions involved in a case is as to the
amount of damage done to a hedge by fire caused by the defendant,
and the evidence upon the subject is conflicting, and one of the jurors
during the deliberations of the jury, and before they have fully agreed
upon their verdict, states to the other members of the jury in sub-
stance that he had had about the same amount and kind of hedge
burned by the defendant that the plaintiff had, and that the defend-
ant had paid him $1.50 a rod as damages therefor, and this amount
is greater than the amount of the plaintiff's damages, as shown by
the evidence of the witnesses, and the verdict of the jury is in favor
of the plaintiff, and assesses his damages at $230, *held*, that the state-
ment of the juror may have influenced the verdict of the jury, and is
sufficient under the circumstances to require the granting of a new
trial in favor of the defendant.

*Error from McPherson District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd*, and *J. G. Egan*, for plaintiff
in error.

*Frank G. White*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district
court of McPherson county by William Bayes, against the
Atchison, Topeka & Santa Fé Railroad Company, to recover
damages as follows: In the first count of the plaintiff's peti-
tion he alleged that on or about September 23, 1886, the de-
fendant, in the operation of its railroad, and negligently,
caused a fire which destroyed six tons of his hay, worth $24,
and 200 rods of his hedge, worth $200. In the second count
of his petition he alleged that on October 16, 1886, the de-
fendant, in the operation of its railroad, and negligently,
caused a fire which consumed eight tons of his straw, worth

$32. The prayer of the petition was for $256 damages, $50 attorney-fees, and costs. The railroad company answered by filing a general denial. At the September term, 1887, a trial was had before the court and a jury, and the jury returned the following general verdict, to wit:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find for the plaintiff, and assess his damages at $230."

No special findings were made. The defendant filed a motion for a new trial upon various grounds, including irregularity and misconduct on the part of the jury, and especially on the part of the juror J. B. Hutchinson. The alleged misconduct of Hutchinson is specifically set forth in the motion. Upon the hearing of the motion two of the jurors, M. A. Ebaugh and W. J. Iliff, were examined as witnesses. Ebaugh testified among other things, that during the deliberations of the jury Hutchinson stated to the other members of the jury that some of his (Hutchinson's) hedge had been burned in the same manner as the plaintiff's hedge, by the same company, and that the company had paid him $1.50 a rod as his damages for it; that this statement of Hutchinson was used as an argument to the jury; and that at the time it was made they were nearly through, but had not yet formulated their verdict. Iliff testified that during the deliberations of the jury Hutchinson stated that a quantity of his hedge had been burned; that it was like and about the same amount as the hedge of the plaintiff's which had been burned; and that the railroad company paid him (Hutchinson) $1.50 a rod therefor. Iliff further testified that the jury had, at the time this statement of Hutchinson was made, pretty generally agreed upon their verdict, excepting one of the jurors. The court below overruled the motion for a new trial, and rendered judgment in favor of the plaintiff and against the defendant for $230 damages and $50 as attorney-fees, and costs of suit; and to reverse this judgment the defendant, as plaintiff in error, brings the case to this court.

We think the motion for a new trial ought to have been

granted, because of the statement made by the juror Hutchinson in the jury-room during the deliberations of the jury. Except for that statement the verdict of the jury might not have been rendered for the amount for which it was rendered. When the statement was made, the jury had not fully agreed upon their verdict. One, at least, and possibly more, of the jurors had not yet agreed to the verdict, and this statement was made as an argument to convince the jurors that the amount finally agreed upon was not too much. What the amount allowed by the jury for the hedge, or for the hay, or for the straw, was, we cannot tell. The amount allowed by the general verdict may have been principally for the hedge. The evidence with respect to the damage done to the hedge was very conflicting. One witness put the loss down as low as about $20, while others put it as high as $200; and what was allowed we do not know. The amount paid by the railroad company to Hutchinson as his damages was also greater per rod and for the entire hedge than the evidence of the witnesses showed the damages to the plaintiff's hedge to be.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.