The State v. Woods.

## THE STATE OF KANSAS v. JOHN WOODS.

49  237
57  447
49  237
65  709
49  237
66  522
66  523
49  237
67  185
49  237
73  332

1. INFORMATION—*Fugitive from Justice.* Where a defendant charged with a felony is a fugitive from justice, an information may be filed against him without a preliminary examination.

2. UNLAWFUL COHABITATION—*Age of Consent.* Where a defendant is charged with carnally and unlawfully knowing a female under the age of 18 years, contrary to the provisions of § 31 of the crimes act, it is immaterial whether the offense was committed with the consent or without the consent of the female, if she is under the age of 18 years.

3. AGE—*Evidence.* The evidence of a father and mother cognizant of their child's birth is primary evidence of its date or the age of the child, although there is a written record thereof in the family Bible.

4. MISCONDUCT OF JURY—*New Trial.* A defendant was charged, under the provisions of § 31 of the crimes act, with carnally and unlawfully knowing M., a female under the age of 18 years. After the jury had retired to consider of their verdict, and had discussed the guilt and innocence of the defendant for about 15 minutes, two ballots were taken; nine jurors voted for guilty, and three for acquittal; then, while the jury were consulting in regard to the age of M., the female, one of the jurors stated to the other members of the jury that "three years ago she was a small girl wearing short clothes, and that he saw her about three years ago at baptism in short dresses," and other similar language; and thereupon one of the jurors, who had voted for acquittal, said, "If that's a fact, we will vote for conviction;" then a ballot was taken, and a conviction unanimously voted for by all the jury. *Held,* That the prejudicial statements of the juror, of his own personal knowledge, concerning matters evidential in their nature, may have influenced the verdict of the jurors who, prior to such statements, had voted for the acquittal of the defendant, and therefore are sufficient to demand a new trial.

*Appeal from Pratt District Court.*

THE opinion states the material facts. From a conviction and sentence, at the January term, 1892, the defendant, *Woods,* appeals.

*Thompson & Apt,* for appellant:

1. The court erred in requiring the defendant to enter a plea when there had been no preliminary examination had of the charges made against him. Section 5133, General Stat-

utes of 1889, provides only for the filing of the information in the district court in certain cases before complaint is made before some magistrate and a preliminary hearing had. It does not dispense with a preliminary examination before the defendant be put on trial. Section 5107, General Statutes of 1889, provides that "Every person arrested, . . . where no other provision is made for his examination thereon, shall be brought before some magistrate of the same county," etc. Section 5107 is not modified or changed or repealed by § 5733. It requires that the examination shall be had. *In re Donnelly*, 30 Kas. 195, 431; *The State v. Watson*, 30 id. 281.

2. The information does not charge a crime or offense to have been committed by the defendant, and the court erred in admitting evidence to be introduced thereunder, over the objection of defendant. The prosecution pretends to be for the alleged violation of § 2152, General Statutes of 1889. The information expressly alleges that the alleged crime was committed "with her (complainant's) consent." We contend that the information does not state facts sufficient to show that a crime was committed.

3. The court erred in allowing oral testimony to be offered as to the age of the prosecutrix, when it was shown that a record of her age was kept in the family. It is true, parol testimony is allowable, but in this case is it the best? We insist, that it is not. All presumptions were in favor of the record as being the best. But when the record was brought in, then the appearance was such as shown by the evidence that it had been recently changed, and testimony was introduced on the condition of the record. All the oral testimony was identical, and agreed with the changed condition of the record. The record was duly introduced in evidence, and its changed condition fully developed, and offered to the jury for inspection at the time. The witness who testified to the condition of the record used a glass. The juror Fletcher, on inspection, desired to use the same glass, and the state objected. The objection was sustained. The defendant insists this was error.

The juror had the right to see the condition of the record, and examine it with a glass.    In these cases it is proper to display and exhibit to the jury photographs enlarged, and why not use a glass?  Whar. Ev., §§ 345–347, 710, 712, 717.

4.  The court erred in giving the instructions which were given.

5.  The court erred in not giving the instructions asked by defendant.    There could be no presumption on any one of the material facts involved in the case, and the jury should have been specially instructed with regard thereto.    The instructions given convey the presumption that the prosecutrix was at the time under the age of 18 years, and the court should have specifically instructed that no presumption of that kind arose.  *The State v. Houx,* 19 S. W. Rep. 35.

6.  The court erred in overruling the defendant's motion for a new trial for the reasons set out in the eighth assignment of error; more particularly as to the second and third reasons therein stated.    Probably the second ground of the motion for a new trial covers the whole question.    It was so argued before the court below.    We especially call the court's attention to the testimony of the jurors.    The material fact to be shown by the state was the age of the prosecutrix.    Her age had to be shown beyond a reasonable doubt to be under 18 years.  The testimony of these jurors shows conclusively this was not done.

The juror Gibbons certainly allowed his personal knowledge derived from outside sources to influence him in rendering the verdict more than the evidence, because it was the only reason he offered to the jury why he knew the age of the prosecutrix.  The testimony also shows conclusively that the verdict was arrived at through the influence the statement had upon the jury.

The fact that jurors doubted before the statement was made, and upon hearing the statement said, "If that's the fact we will vote for conviction," and immediately thereafter a verdict of guilty was rendered, shows that the statement was considered more than the evidence.    The statement was prejudicial.

The juror Crandall says he "do n't know as it had any material influence, *only indirectly.*" And the juror Fletcher says "it might have had some little." The effect was prejudicial, and the verdict of guilty being returned, every presumption is that the statement was prejudicial to defendant. *The State v. Madden,* 1 Kas. 340; *The State v. Snyder,* 20 id. 306, and authorities cited.

Even in civil cases such statements are held to be sufficient for granting a new trial, where the statement is upon a point directly in issue. *A. T. & S. F. Rld. Co. v. Bayes,* 42 Kas. 609.

If such be the rule in civil cases, with how much more reason should it be the rule in criminal cases, where personal liberty is at stake?

*John N. Ives,* attorney general, and *J. M. Dumenil,* county attorney, for The State:

1. To the first assignment of error, we say that the defendant was a fugitive from justice, and was not entitled to a preliminary examination. (Gen. Stat. of 1889, ¶ 5133; Crim. Code, § 69.) The question could not be raised by objecting to entering a plea to the information, but should have been raised by a plea in abatement. Not having entered a plea in abatement, the defendant waived his right to a preliminary examination. *The State v. Barnett,* 3 Kas. 250, 254; *The State v. Finley,* 6 id. 370; *Jennings v. The State,* 13 id. 90; *The State v. Bailey,* 32 id. 88.

2. To the second assignment of error, we answer that the prosecution was had under the first paragraph of section 31, criminal code. (Gen. Stat. of 1889, ¶ 2152.)

In the case of *The State v. White,* 44 Kas. 520, in passing on this statute, this court said:

"In substance, however, the law-makers simply intended to punish any male person by imprisonment in the penitentiary at hard labor for a term not exceeding 21 years who might be guilty of any kind of illicit sexual intercourse with any girl under 18 years of age, whether she consented or not,

and whatever might be the surrounding circumstances, and although the intercourse might be pure and simple fornication."

The information certainly was sufficient. It possibly was unnecessary to allege that the "carnal knowledge" was had with her consent. If so, it was mere surplusage, and if, after striking out the surplusage, there still remains sufficient to charge a crime, the information would be held good even on demurrer or motion to quash. The prosecutrix may, as a matter of fact, have consented, and yet, under our statute, have been incapable of consenting. But the only objection made to the information was by objection to the introduction of any evidence under the information. There was no motion to quash before verdict, or motion in arrest of judgment after verdict. *Rice v. The State,* 3 Kas. 142.

3. In view of the record in the case, in our opinion, this assignment of error is scarcely worthy of notice. We maintain, however, that the age of the prosecutrix could be proven by parol; that the state did not have to resort to the family Bible to establish her age, by showing the date of her birth as therein recorded. The jury had a perfect right to judge of her age, by observation, while she was on the witness stand; *People ex rel. v. Zeigler,* 10 Hun, 224; and there certainly could be no better evidence offered of her age than the evidence of the mother who gave her birth.

"Where the parol evidence is as near to things testified to as the written, then each is primary. Thus, the date of A.'s birth is registered by one of his parents; this is primary evidence. But the testimony of a relative cognizant of A.'s birth is also primary evidence of its date." Whar. Ev., §§ 77, 201.

4. As to the fourth assignment of error, we answer that this court has frequently announced that it will not consider errors not specifically pointed out, and as this has not been done, we deem it unnecessary to notice the first paragraph of the above, further than to say, we cannot see any error in the instructions. The court, on its own motion, may exclude im-

proper evidence offered by either party, though without objection by the other.    Abbott's Crim. Brief, p. 194, § 340; Thomp. Trials, § 715.    Even where evidence is admitted by consent of counsel, but to be examined afterward during the trial, and is ruled out by the judge in his charge to the jury, a new trial will not be granted.  *McLellan v. Richardson*, 13 Me. 82.

5.  The next error complained of is the refusal of the court to give the instructions asked by defendant.    It is a sufficient reply to say, that each proposition contained in the instructions asked that it was proper to give was included in the instructions given; the other propositions, not being the law, were properly refused.  *Mayberry v. Kelly*, 1 Kas. 116; *City of Topeka v. Tuttle*, 5 id. 426; *Kansas Insurance Co. v. Berry*, 8 id. 159, 160.

6.  The last error complained of is, that "the court erred in overruling the defendant's motion for a new trial, for the reasons set out in the eighth assignment of error; more particularly as to the second and third reasons therein stated."    If such motion should have been sustained at all, it should have been on the grounds set out in the second and third reasons stated in the eighth assignment of error; but we do not think the motion should have been sustained on any grounds, and, in our opinion, the motion was properly overruled.

It appears from the record that the juror Gibbons did not pretend to know the age of the complaining witness; that a statement was made by one of the jurors (Hanford) that the complaining witness might be 25 years of age, when Gibbons said he knew she could n't be that old, because it was only two or three years, or a few years, since she wore short dresses; and the record shows that the statement was not prejudicial, nor did it have any influence on the minds of the jurors in making up their verdict.    Where a new trial is asked on the ground of the misconduct of a juror, it must be shown that the party was probably injured by such misconduct.  *Medler v. The State*, 26 Ind. 171.    A new trial will not be granted on the ground of improper conduct of jurors, unless the evidence

is *clear* and *positive;* an impression of a witness is not suffi-
cient. *Mullins v. Cottrell,* 41 Miss. 291.

The opinion of the court was delivered by

Horton, C. J.: This was a prosecution against John
Woods, under § 31 of the crimes act, for carnally and unlaw-
fully knowing one Malvina Martin, a female under the age
of 18 years. The defendant was convicted, and sentenced to
confinement at hard labor in the penitentiary of the state for
the term of five years. He appeals to this court.

I. It is contended that the trial court erred in requiring
the defendant to plead to the information filed against him,
because he had had no preliminary examination. This ques-
tion is not properly here for our consideration, because no plea
in abatement was filed. (*The State v. Barnett,* 3 Kas. 244; *The
State v. Finley,* 6 id. 366; *The State v. Bailey,* 32 id. 83.) It
appears, however, from the record that at the time the infor-
mation was filed the defendant was a fugitive from justice;
therefore no preliminary examination was necessary. (Crim.
Proc., § 69.)

II. It is next contended that the information did not
charge any public offense. The words "with the consent"
are included in the information, but they may be treated as
surplusage. As Malvina Martin was under the age of 18
years, it is immaterial whether she consented or not. The
offense charged .is as complete if committed with her consent
as without her consent. (*The State v. White,* 44 Kas. 520.)

III. It is further contended, that the trial court erred in
allowing oral testimony to be offered as to the age of Malvina
Martin. It appears from the record that her father, Elmore
Martin, her mother, Minerva Martin, her sister, Elizabeth
Martin, and her brother, Louis Martin, testified that Malvina
was under 16 years of age at the time of the alleged offense.
This evidence was competent, notwithstanding the record of
the birth of Malvina in the family Bible.

"While parol proof of a producible written instrument can-
not be received, yet where the parol evidence is as near to the

thing testified to as the written, then each is primary.   Thus, the date of A.'s birth is registered by one of his parents; this is primary evidence.   But the testimony of a relative cognizant of A.'s birth is also primary evidence of its date.   Marriage, as will hereafter be abundantly shown, may be proved by parol, though there be a written contract and a registry." ( Whar. Ev., § 77.)

IV.  It is again contended that the trial court committed error in withdrawing from the consideration of the jury the annual reports of the clerk of school district No. 11.  ˙ These reports commenced with the year 1886, and closed with 1891, giving the names of the children, male and female, in the school district where Malvina Martin resided, including her name, and the age of each child.  It was claimed that these reports were competent as tending to show that Malvina was over the age of 18 years when the alleged offense was committed.   We do not think the court committed any error in instructing the jury not to regard the reports in considering the guilt or innocence of the defendant.   The clerk of each school district of the state is required to make each year a written report of the number of children, male and female, residing in his district over the age of five and under the age of 21 years, but he is not required to include in his report the names of the children, or the actual age of any child.  (¶ 5599, Gen. Stat. of 1889.   See, also, ¶ 5564, Gen. Stat. of 1889.) The annual reports, not being required by the statute to show the age of the children of the district, were not admissible, and, having been improperly admitted, were properly withdrawn.

V.  It is finally contended that the motion for a new trial ought to have been granted, because of the misconduct on the part of the jury.   It is shown by one of the witnesses that, after the jury retired to consider of their verdict, the question of the guilt or innocence of the defendant was discussed about 15 minutes, then a ballot was taken, and the jury voted nine for guilty and three for acquittal.   After the second ballot, and while the jury were consulting concerning the age of Malvina Martin, one of the jurors, Grant Hanford, ˋsaid, "she might

be 25 years old." Another juror, Mr. Gibbons, said, "he knew she was not that old, because it was only two or three years, or a few years, since she wore short dresses." Mr. Fletcher, another juror, then said, "If that's the fact, we will vote for conviction." Fletcher and Hanford were two of the jurors who voted for acquittal upon the two ballots taken before this statement was made. Another ballot was then taken, and the jury voted unanimously "guilty." Another witness testified that, after the jury had taken two ballots, the juror Gibbons said, "that about three years ago, Malvina was a little girl in short dresses; that he saw her at a baptism." Another witness testified that the juror Gibbons said, in the jury-room, concerning Malvina, "that three years ago she was a small girl, wearing short clothes." Upon the part of the state, an attempt was made to show by the jurors that the statements of Gibbons did not in the least degree influence them in assenting to the verdict; but this was not successful. Crandall, a juror, testified, "I do n't know as it had any material influence — no, only indirectly." Fletcher, another juror, testified, "that the statement might have had some little influence." We think, under the authority of *Railroad Co. v. Bayes*, 42 Kas. 609, that the statement of the juror Gibbons may have improperly influenced the verdict. (See, also, *Perry v. Bailey*, 12 Kas. 539.) The defendant is charged with a felony. The penalty prescribed is a severer one than has ever before been provided for in any state or country for such an offense. ( *The State v. White*, 44 Kas. 514.) The misconduct, under the circumstances, is sufficient to require the granting of a new trial.

There are some other alleged errors discussed in the briefs, but it is not necessary to refer to them at length, because they are not likely to occur upon another trial.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.