AMY McCOY, *Appellee*, v. THE CITY OF WICHITA,
*Appellant.*

No. 17,578.

HEADNOTE BY THE REPORTER.

1. CONTRIBUTORY NEGLIGENCE—*Defective Sidewalk.* It .is not
contributory negligence *per se* for one to walk upon a side-
walk which he knows is defective. In doing so, however, he
must exercise such care as an ordinarily prudent man would
exercise under similar circumstances.

2. DEFECTIVE SIDEWALK—*Notice to City.* The evidence examined,
and held sufficient to support the finding that the city had
notice of the defective condition of the sidewalk.

Appeal from Sedgwick district court. Opinion filed
April 6, 1912. Affirmed.

*Earl Blake,* city attorney, *John W. Blood,* assistant
city attorney, and *C. A. McCorkle,* for the appellant.

*J. A. Brubacher,* and *James Conly,* for the appellee.

*Per Curiam:·* There is no finding that the plaintiff
was not in the exercise of reasonable care at the time
she was injured. The jury find that she had "some
knowledge" of the condition of the walk and that there
was nothing to prevent her from seeing the condition.
She testified that she saw the post lying on the sidewalk
and had seen it before, but that she did not see the wire
which tripped her and caused her to fall. The jury
were not asked to find whether she was in the exercise
of reasonable care, or whether her negligence con-
tributed to the injury; nor were they asked to state
whether the wire or the fence post or the scantling or
the dirt and debris at the embankment where the side-
walk ended caused her to fall. The general verdict
must be regarded as a finding that she was in the exer-
cise of reasonable care. Every question presented by

the appeal has been heretofore decided adversely to the contentions of the defendant.

"It is not contributory negligence for one to walk upon a defective sidewalk; in doing so, however, he must exercise ordinary care—such care as an ordinarily prudent man would exercise under similar circumstances." (*Garnett v. Smith,* 72 Kan. 664, 665, 83 Pac. 615, and cases cited.)

There is no complaint of the instructions. There was sufficient evidence to support the finding that the city had notice of the defective condition of the walk. The judgment is affirmed.