IDA E. WILLIAMS, *Appellee,* v. THE CITY OF PARSONS, *Appellant.*

No. 17,737.

SYLLABUS BY THE COURT.

NEGLIGENCE — *Personal Injuries* — *Contributory Negligence.* A telephone guy wire had long been maintained near the curb line of a city street over or quite close to a pathway on the side of an intersecting street. A woman crossed the first-named street at this point and, stepping upon the curb, encountered the wire and was thrown down and injured. The accident occurred in the evening. Although the woman. had passed near the place.often she had not noticed the wire. It is held that the evidence was sufficient to warrant the submission of the questions of negligence and contributory negligence to the jury. .

Appeal from Labette district court. Opinion filed July 6, 1912. Affirmed.

*T. M. Brady,* city attorney, *A. A. Osgood,* and *Paul H. Kimball,* all of Parsons, for the appellant.

*W. B. Glasse,* and *E. L. Burton,* both of Parsons, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover damages for personal injuries resulting from the alleged negligence of the city. The appellee resides upon Corning

avenue near the place of the accident. In returning from a park in the evening she walked west on the south side of the avenue to and across 15th street extending north and south. There she turned north across the avenue, and in stepping from the surface to the curb encountered a guy wire stretched from a telephone pole to the ground, and was thrown down and injured by the collision. The wire was about five feet above the ground over or quite close to a path which extended along the west side of 15th street. There was no sidewalk on that side of 15th street but the path was in or near the place where a walk, if constructed, would be located. The appellee had often passed by the place in traveling on Corning avenue but had not noticed the wire. The accident occurred on a moonlit evening, but there was a tree near the telephone pole, causing a shadow over the wire. Two other persons had recently fallen by reason of the same obstruction.

It is insisted that contributory negligence appears and that it should be so held as matter of law. Also that a demurrer to the evidence should have been sustained. Neither of these contentions can be upheld. Whether the appellant exercised reasonable care was a question for the jury. (*Osage City v. Brown,* 27 Kan. 74; *McCoy v. City of Wichita,* 86 Kan. 943, 122 Pac. 894.)

While a city is not bound as a matter of law to grade or improve the entire width of its streets or to construct sidewalks upon all of them, it is its duty to keep them in a reasonably safe condition for public travel in the ordinary modes. (*City of Wellington v. Gregson,* 31 Kan. 99, 1 Pac. 253; *Atchison v. Mayhood,* 69 Kan. 672, 77 Pac. 549, 20 L. R. A., n. s., note, p. 565.)

The appellee was crossing the avenue when injured and the crossing was obstructed by the wire stretched over the point at the side of the avenue where the pathway on 15th street connected with the curb. Negligence ought not to be imputed to the appellee in

crossing the avenue at the west instead of the east side of the street merely because there was a connecting sidewalk on one side and not at the other.

"A pedestrian is not confined to a cross-walk, but has a right to assume that all parts of the street intended for travel are reasonably safe; and, if he knows of no dangerous excavations or obstructions, he may cross the street at any point that suits his convenience without being liable to the imputation of negligence." (*City of Olathe v. Mizee*, 48 Kan. 435, syl. ¶ 2, 29 Pac. 754.)

The wire had been in the same position for about four years, and notice to the city authorities of the apparent danger could be inferred from the length of time this condition had continued. The evidence presented a case proper for the consideration of a jury and there was no error in overruling the demurrer. (*Brusso v. City of Buffalo*, 90 N. Y. 679; *City Council of Augusta v. Tharpe*, 113 Ga. 152, 38 S. E. 389; *Stack v. Portsmouth*, 52 N. H. 221; *Coffey v. City of Carthage*, 186 Mo. 573, 85 S. W. 532.)

Complaint is made of an order striking out a part of the answer. No prejudice would have resulted to the appellee had her motion been overruled. Neither was the appellant's defense prejudiced by sustaining it. Evidence of the matters stricken out was freely admitted, and there is no substantial dispute as to the facts.

It is contended that the verdict was excessive, but the extent of the injuries, including resulting pain and consequent damages, was properly submitted to a jury, and the amount of the recovery is not so large as to suggest passion or prejudice, or to appear unreasonable.

On a motion for a new trial the appellant offered affidavits of several jurors regarding conversations in the jury room concerning the liability of the telephone company to reimburse the city for the damages that might be recovered in the action. Some of these af-

fidavits were rejected upon the ground that the notary before whom they were verified was disqualified because he was an attorney for the defendant. Without examining that question it is sufficient to say that the alleged misconduct of the jury, if it should be held that the affidavits ought to have been received—is not of that serious character necessary to disturb a verdict. If the deliberations of juries are to be searched and the discussion of such matters allowed to set aside verdicts, litigation would be uselessly prolonged and justice defeated by delay. While carefully guarding the rights of litigants courts should proceed cautiously in trying the jurors after trying the cause.

No error is found in the record and the judgment is affirmed.