No. 33,111

FORREST H. BOHANNON, *Appellee*, v. PEOPLES TAXICAB COMPANY, *Appellant*.

(64 P. 2d 1)

Opinion filed January 23, 1937.

*C. A. Matson, I. H. Stearns* and *E. P. Villepigue*, all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt*, all of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages.for injuries

resulting from a collision of automobiles, and from a verdict in favor of plaintiff the defendant appeals.

Two questions are presented: 1. Was the jury guilty of misconduct? 2. Was the verdict in favor of plaintiff contrary to and against the great preponderance of the evidence?

The claimed misconduct of the jury consisted in this: At the trial evidence was offered to show that as a result of the accident plaintiff suffered from nervous and mental disorders. On the hearing of a motion for a new trial two persons who had been members of the jury were called as witnesses and testified that during the jury's deliberations one of the jurors stated he had a brother-in-law who became mentally obsessed from some depression, that he was treated at Mayo Brothers hospital and nothing could be done for him—he would have lapses and then get better; another juror said she had a son over in Parsons (the state home for epileptics is there) and that she felt sorry for plaintiff and that those cases were pitiful; another juror said she had a brother-in-law who lost his business during the depression and was affected mentally, and another juror stated his wife died and it shocked him so that he was mentally unbalanced temporarily. It was further developed the jury was never divided on the question of defendant's liability, but only as to the amount that should be allowed, some of the jurors wanting to give the full amount sued for. The two testifying jurors said the statements above outlined did not affect their judgment and one of them stated she told the others that these instances had nothing to do with plaintiff's case. After listening to the above, the trial court stated it could not see where the above affected the verdict; that it could not see where the verdict was excessive under the testimony, but that it was a rather moderate amount, and it then denied the motion for a new trial.

Appellant relies upon three decisions of this court: *A. T. & S. F. Rld. Co. v. Bayes,* 42 Kan. 609, 22 Pac. 741; *State v. Woods,* 49 Kan. 237, 30 Pac. 520; *State v. Burton,* 65 Kan. 704, 70 Pac. 640, as sustaining his contention the above situation compels a reversal. Since they were decided our code of civil procedure has been amended, and the trial court is now constrained to disregard any error in the proceedings which does not affect the substantial rights of the parties (R. S. 60-760), and on appeal we are directed to disregard all technical errors and irregularities which do not affirmatively appear to have prejudiced the substantial rights of the

parties. (R. S. 60-3317.) (See, also, *Hamilton v. Railway Co.*, 95 Kan. 353, 148 Pac. 648; *Newell v. City Ice Co.*, 140 Kan. 110, 34 P. 2d 558.)

In the case before us it appears not only there was no affirmative showing of prejudice; what showing there is affirmatively is to the contrary. A jury should confine itself closely to the evidence submitted, but because one, two or three jurors may make remarks as to matters outside the testimony does not vitiate the verdict unless it be affirmatively shown the remarks prejudicially affected the verdict. This was not done here.

As to the second specification of error, no good purpose would be served in detailing all of the evidence which tends to support the verdict, nor are we now concerned with the fact there was testimony from which the jury might have arrived at a different conclusion. It must suffice to say that we have examined the record and find that the answers to special questions submitted and the general verdict which is in harmony therewith are supported by sufficient competent evidence.

The judgment of the trial court is affirmed.