No. 41,334

Lee Roy Powell, *Appellant*, v. Robert Lee Phillips, *Appellee*.

(339 P. 2d 60)

Opinion filed May 16, 1959.

*J. W. Lowry*, of Atchison, argued the cause, and *Steadman Ball, Wm. E. Stillings* and *Robert D. Caplinger*, all of Atchison, were with him on the brief for the appellant.

*R. A. Brown*, of St. Joseph, Missouri, argued the cause, and *B. P. Waggener* and *Gerald Foley*, both of Atchison, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This was a damage action arising out of an automobile collision. A demurrer to plaintiff's evidence was sustained and he has appealed.

Other than to state that the petition charged defendant with the usual grounds of negligence in such cases, and that the answer denied negligence on the part of defendant, charged plaintiff with contributory negligence, and further alleged that if the collision was not the result of plaintiff's negligence it was an unavoidable accident, the pleadings need not be discussed.

Plaintiff was a resident of Lancaster in Atchison County, and was a rural mail carrier. On March 21, 1955, he was returning home from Wichita where he had visited relatives. The day was cloudy, cold and overcast, but, being accustomed to driving in all kinds of weather, he thought nothing about it. By the time he reached Emporia it had begun to snow. His Ford car was equipped with snow-cleat tires. When he reached Lyndon, about noon, the snow had increased and was coming from the north. He proceeded on north on what will be referred to as the old U. S. 75, a black-top highway. He was alone at the time. About six and one-half miles north of Lyndon he proceeded north up a gradual long grade. Before he reached the crest his car was hit by defendant's car, which

had approached from the north. Both cars apparently "spun around." Plaintiff's car ended up in the ditch on the east side of the highway, facing east. Defendant's car came to rest about halfway down the grade in the west ditch, facing northeast. Apparently plaintiff "blacked out" at the instant of the collision and remembered nothing of it. At the time of the collision it was snowing hard, the highway was slick and treacherous, and traction was very poor. Plaintiff's car was severely damaged and he was taken to a Topeka hospital for treatment of his personal injuries.

The foregoing facts are briefly summarized from the testimony of plaintiff, the undersheriff of Osage County, and a Lyndon garage-man.

This action was tried in June, 1958.

In another action by this defendant's insurance company against this plaintiff the deposition of this defendant was taken in Tulsa in December, 1956, by one of this plaintiff's present attorneys, and it was introduced by this plaintiff at this trial as being in the nature of statements against interest by this defendant. Objections were made to the introduction of certain portions of it, but the record is confusing as to specific rulings thereon. Be that as it may, one of this plaintiff's attorneys, who took the deposition, took the witness stand and testified as to statements made at that time by this defendant. A brief summary of that testimony is as follows:

On the day in question he (defendant) was proceeding south on the highway in his Mercury car. He was alone. It was windy and snowing, and driving conditions were not good. His tires were not the snow-cleat type but were practically new and had a good tread. He was driving forty to forty-five miles per hour on level highway as he came to the crest of the gradual slope to the south. He was on his own side (west) of the highway. As he came over the crest he, for the first time, saw plaintiff's car crosswise in the highway fifty to seventy-five feet in front of him—"and there was not any possible way in the world to miss him." He applied his brakes and started skidding to the left toward plaintiff's car. He attempted to straighten his car and tried to get to the right side. Realizing that he could not miss hitting plaintiff's car he slid out from under the steering wheel and attempted to "flip" plaintiff's rear bumper in an effort to miss him as far as he could and to do the least damage. When he came over the crest of the slope to the south and first saw plaintiff's car it was two

or three feet to the west of the center of the highway. He was unable to tell whether it was moving or was stalled and merely spinning its wheels.

Some additional evidence was introduced, but which, for present purposes, is immaterial.

The demurrer to plaintiff's evidence was sustained on the ground that no cause of action had been proved, that is, plaintiff had failed to make out a case of actionable negligence on the part of defendant. The parties concede the question of contributory negligence is not involved. Three of the plaintiff's specifications of error have to do with the admissibility of evidence. As before stated, the record as abstracted is confusing on this matter, but as we read it it may not be said the trial court committed any material error in this respect.

The real point of plaintiff's appeal is that the evidence was such that reasonable minds might differ on the conclusions to be drawn therefrom and therefore was sufficient to go to the jury for determination.

We see no occasion to lengthen this opinion with citation and discussion of cases dealing with the rule applicable to demurrers to evidence in negligence actions, or with rules relating to proximate cause, rules of the road, and so forth, in cases arising out of automobile collisions. (*Domann v. Pence,* 183 Kan. 135, 138, 325 P. 2d 321.) They have been stated numerous times and we know that the trial court and counsel are fully familiar with them. In view of the disposition being made of this case, further discussion becomes unnecessary. A majority of this court is of the opinion that plaintiff's evidence, particularly that of defendant's speed under the conditions and circumstances existing, was sufficient to withstand the demurrer and should have been submitted to the jury. The demurrer was erroneously sustained and the judgment is therefore reversed.

PRICE, J., dissenting: I realize fully the correctness of the rule that as against demurrer evidence is to be construed in the light most favorable to the party adducing it, and that in ruling on a demurrer the trial court is not permitted to weigh the evidence. In my opinion, however, the evidence here falls short of making out a prima facie case of actionable negligence on the part of defendant. The situation here was one with which most drivers have been confronted at some time or another in their experience. Defendant

was not bound to anticipate that as he came over the crest of the slope to the south he would suddenly be confronted with a car fifty to seventy-five feet in front of him crosswise in the highway and two or three feet west of the center line. Under all of the circumstances, he did all he could do in the emergency, and, to use his words—"there was not any possible way in the world to miss him."

I think the demurrer was properly sustained.

PARKER, C. J., and SCHROEDER, J., join in the foregoing dissenting opinion.