No. 41,473

THEODORE SCHMID, *Appellant,* v. GUY L. ESLICK, *Appellee.*

(345 P. 2d 633)

Opinion filed November 7, 1959.

*A. L. Foster,* of Parsons, was on the brief for the appellant.

*A. R. Lamb,* of Coffeyville, argued the cause, and *Paul A. Lamb,* of Coffeyville, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injuries sustained in an automobile collision.

The jury returned a general verdict for defendant and answered two special questions.

Post-trial motions, including a motion for new trial, being overruled, plaintiff has appealed.

The case has been here before. In the first trial the jury also returned a general verdict for defendant and answered special questions. Plaintiff appealed. This court reversed and directed a new trial on the ground that two instructions, relating to "joint enterprise" and "unavoidable accident," were, under the evidence, erroneously given. (*Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459.)

The facts of the case are detailed at length in our former opinion and there is no occasion to repeat them here. At the second trial the two mentioned instructions were not given, but otherwise, it is conceded, the court gave substantially the same instructions as at the first trial. In addition to the general verdict for defendant the jury found (1) that the automobile in which plaintiff was riding at the time of the collision was being driven at a rate of speed greater than was reasonable and prudent, and (3) that plaintiff's injuries were not occasioned by the negligence of defendant.

In this appeal plaintiff alleges eight assignments of error, most of which have to do with instructions given and those refused. We have examined all contentions with respect to these matters and find them to be without merit. Detailed discussion of them would serve no useful purpose. (*Domann v. Pence,* 183 Kan. 135, 138, 325 P. 2d 321.) Defendant has been absolved of actionable negligence by two juries. An examination of the record discloses that the trial court fully and properly instructed the jury on all matters in issue, and that plaintiff had his "day in court" and received a fair trial.

We find no error in the record and the judgment is affirmed.