STATE on the Relation of W. D. TROTTER v. SAMUEL S. MITCHELL.

*Quo   Warranto—Public   Administrator—Removal   of   Officer Without Notice Void.*

1. The office of public administrator is a property right, and the incumbent cannot be deprived of it except by the law of the land.

2. The judgment of a Clerk of the Superior Court, removing a public administrator for failure to renew his bond, without notice to the delinquent to show cause, etc., was not only irregular but void.

This was AN ACTION, in the nature of a *quo warranto*, brought to try title to the office of public administrator, and tried before *Hoke, J.*, and a jury, at May Term, 1894, of GUILFORD Superior Court.

The pleadings show that the relator of the plaintiff was, on the 17th of July, 1889, duly appointed public administrator in and for Guilford County for the term of eight years, and gave the required bond, which was renewed on the 2d February, 1891. That he failed to renew his bond in February, 1893, and on the 30th day of January, 1894, the Clerk of the Superior Court, without issuing any notice to relator to show cause, etc., removed the latter from office, and, on the 15th of February, 1894, the defendant was appointed to the office, and, on the 13th of March, 1894, gave bond and qualified.

It was admitted that no notice was given or received of the removal of relator, or of the appointment of his successor.

On the pleadings his Honor submitted issues to the jury, and the jury responded thereto as follows, to-wit:

1. Was the relator, before removed, notified orally or otherwise by the Clerk of the Court that a renewal of his bond was required? No.

2. Had relator notice of removal before appointment of his successor, the defendant, and for how long? No.

3. Has relator ever tendered a renewal bond, as directed by statute? No.

Thereupon the relator moved the Court for judgment on the pleadings, and the said verdict of the jury on the issues submitted to them, and on consideration thereof the Court adjudged "that the order made by the Clerk of the Superior Court for the removal of the relator, W. D. Trotter, from the office of Public Administrator is void, and that defendant is guilty of usurping, intruding into and unlawfully holding and exercising the office of Public Administrator; that his pretended appointment be revoked and declared void, and that he be excluded from said office, and the relator, W. D. Trotter, be restored thereto, and to all his rights and privileges as such Public Administrator, and be recognized as such by the Clerk of the Superior Court of Guilford County, and that said Clerk grant unto him letters of administration in all proper cases, as prescribed by law, and that plaintiff recover his costs against the defendant."

The defendant appealed from the judgment, and assigned error in the following particulars, to-wit:

"1. In the matter of the removal of an administrator, the Clerk has a special jurisdiction separate and distinct from his general duties and power as Clerk of the Court, and the relator having been removed, and no reversal of that order on appeal to the Judge, the order of removal became final and conclusive, and, this being so, the question of the plain-

tiff's title to the office was settled against him thereby; and it was error in the action *quo warranto* to submit any issues to the jury, and, upon their verdict, to adjudge the order of removal void.

"2. The judgment of the Clerk, removing plaintiff, not being appealed from, and standing in full force, every intendment of its correctness and validity is to be made in support of it, and thus viewing the order of removal, the plaintiff had no right to the office which could be considered in the action *quo warranto*, and it was therefore error in his Honor to adjudge anything in the action to the contrary of the Clerk's order of removal.

"3. The sufficiency of plaintiff's failure to renew his bond from the 2d of February, 1893, to January, 1894, as a ground and jurisdiction of removal, was a question to the Clerk (a court of independent and special jurisdiction as to that), and the Clerk having adjudged it sufficient cause of removal, that judgment, remaining in full force and unappealed from, is in law a bar to any collateral attack or reversal in the independent action of *quo warranto*.

"4. Supposing the scope of the action to extend to defendant's removal from office and to plaintiff's restoration, yet it was error to go beyond, and adjudge that plaintiff be recognized as Public Administrator, and that the Clerk grant letters of administration to him, while it was expressly found by the jury that plaintiff had not given nor tendered a renewal bond from the 2d of February, 1893, to the 30th of January, 1894, nor after down to the time of the trial.

"5. Error, in that judgment of his Honor was based, as appears from the issues submitted, on failure of the Clerk to notify plaintiff to renew his bond, and on his failure to give him notice of removal before the appointment of his successor, the default being such as to admit of no legal excuse or justification, even if notice had been given."

*Mr. L. M. Scott,* for plaintiff.
*Messrs. King & Dillard,* for defendant (appellant).

PER CURIAM: We think that the order of removal on the ground that the relator had failed to renew his bond, was, under the circumstances of this case, not only irregular but void. The relator's office of Public Administrator was a property right, and it is well settled that he cannot be deprived thereof but by the law of the land. In *Vann* v. *Pipkin,* 77 N. C., 408, it was held that although the statute declared that the failure of a Sheriff to renew his bond and produce receipts, &c., should create a vacancy, such vacancy was not in fact created until so declared by a competent tribunal, and that no such vacancy " can be declared until the alleged delinquent shall have had due notice and a day in court if in reach of its process." See also *Hoke* v. *Henderson,* 4 Dev., 1. The judgment of the Clerk, without any pretence of notice, was not only irregular but absolutely void. *Jennings* v. *Stafford,* 1 Iredell, 404. There was, therefore, no error in the ruling of the Court. The judgment of the Court, as we construe it, did not deprive the Clerk of the right to require a renewal of the bond, or to remove the relator for any other proper cause, and the objection upon this ground is untenable.

Affirmed.