42         LUMBER CO. v. ELLIOTT.

THE ROCK ISLAND LUMBER AND MANUFACTURING COM-
PANY v. A. R. ELLIOTT et al.

### No. 10364.

1. QUASI-MUNICIPAL CORPORATION—*never liable, in absence of
statute, for negligence or wrong of its officers.* A *quasi*-muni-
cipal corporation, like the board of education of a city, is never
liable for the consequences of a breach of public duty or the neg-
lect or wrong of its officers unless there is a statute expressly.im-
posing such liability.

2. ———— *incurs no liability because of failure of officers to
take contractor's bond.* The statute requiring public officers
who contract for the erection of buildings or the making of
any public improvements or repairs to take a bond from the
party contracted with that he shall pay all indebtedness incurred
for labor or material furnished in the construction of public
buildings or in the making of public improvements (Gen. Stat.
1889, ¶ 4747; 1897, ch. 96, § 35) imposes no liability upon the pub-
lic corporations in case the officers fail to take the bond so re-
quired.

3. ———— *demurrer to petition seeking to enforce such supposed
liability held properly sustained.* The averments in the plain-
tiff's petition examined, and held not to state a cause of action
against the defendant.

Error from Sumner District Court. J. A. Bur-
nette, Judge. Opinion filed January 8, 1898. *Af-·
firmed*.

*Amidon & Conly*, for plaintiff in error.
*J. T. Herrick*, for the Board of Education.

JOHNSTON, J. The Rock Island Lumber & Manu-
facturing Company brought this action to recover
from the Board of Education of the City of Welling-
ton $2,596.38. In its petition the Company alleged
in substance that, on August 21, 1890, A. R. Elliott
entered into a contract with the Board to furnish the
material and erect a school house on ground owned
by the Board; that Elliott purchased from the Com-

pany lumber and building material to be used in the erection of the school building, and which were so used, of the price and value of $6,049.93 ; that Elliott paid to the Company on this account $3,453.55, and that there remained due on November 18, 1891, for lumber and building material so purchased and used, $2,596.38. It was alleged that in contracting with Elliott the Board had wholly failed to take from him the bond provided for in paragraph 4747 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 96, § 35), and that Elliott became wholly insolvent, a fact not known to the Company until the material had been furnished. It was also alleged that the Board had not paid Elliott the full value of the labor performed and the materials furnished and used by him in the construction of the school building, and, further, that but for the neglect of the Board to take the bond from Elliott, the Company could have recovered payment of its entire bill against him, and that the failure and neglect of the school officers to take the bond had created a liability against the Board of Education to the full amount that remained unpaid on plaintiff's account. The District Court sustained a demurrer to the petition, and no amendment being made, gave judgment in favor of the defendant. Of this ruling the plaintiff complains.

The only question we have for consideration is whether the petition states facts sufficient to constitute a cause of action against the Board of Education.

There is no averment that the Board had failed to pay the contract price of the building, nor that it had ever agreed to pay plaintiff for the material furnished to the contractor. No steps appear to have been taken in order to secure a lien upon the building, but the plaintiff relies for a recovery against the Board upon its failure to require the contractor to give the statu-

tory bond provided for in paragraph 4747 of the General Statutes of 1889. It provides :

"Whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons, for purpose of making any public improvements, or constructing any public building or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Kansas, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

There is a further provision that the bond shall be filed in the office of the clerk of the district court, and that it shall be available to persons who furnish the labor or material, or their assigns ; but that no action can be brought upon the bond after six months from the completion of the improvements or buildings.

While the statute specifically requires a public officer to take the bond, it does not provide that the neglect of an officer to perform the duty so enjoined raises a liability against the public corporation for which he acts. A *quasi*-municipal corporation, like a school board, is never liable for the consequences of a breach of public duty or the neglect or wrong of its officers unless there is an express statute imposing the liability. *Eikenberry v. Twp. of Bazaar*, 22 Kan. 556 ; *Comm'rs of Marion Co. v. Riggs*, 24 id. 255 ; 1 Beach on Public Corporations, § 739. No language in the statute imposes such liability or indicates a legislative purpose that public corporations shall suffer a penalty for the neglect of their officers. Whatever liability may be incurred by the officers themselves for a breach of public duty, it is certain that in the absence of an express statute im-

posing such liability the municipalities cannot be held liable for their neglect. We have a statute, affecting private persons, which provides that the giving of a bond by a contractor will change the liability of parties in such a way that no lien will attach under the act. Gen. Stat. 1889, ¶ 4745; 1897, ch. 96, § 34. It has been held, however, that the statute under consideration does not supersede the mechanics' lien law, but, rather, that it gives an additional remedy to laborers and material-men. *Comm'rs of Jewell Co. v. Manufacturing Co.*, 52 Kan. 253, 34 Pac. 741. It was doubtless intended, too, as an additional protection to municipalities against liability for liens and claims which might develop after the contract price for buildings or improvements had been paid. But, clearly, it neither took away any existing remedies from parties furnishing labor or material, nor created any new liability against public corporations.

There is no reason why the plaintiff should have been misled or prejudiced by the failure of the officers to require a bond from the contractor. It is required to be taken when the contract is entered into, and when taken is placed on file in a public office. An inquiry by the plaintiff at that office would have disclosed the fact that no bond had been taken, and the Company might then have protected itself by claiming a lien as the statute provides.

There is no averment in the petition upon which a liability against the Board can be based. As has been stated, the Board does not appear to have assumed this indebtedness of the contractor in any way, nor is there anything showing that it has failed to pay the contractor the agreed price for the structure. There is an averment that it had not paid the full value of the labor and material used in the construction of the building, but that is not the measure of its liability.

It cannot in any event be held liable for an amount in excess of the contract price.

We think the court ruled correctly in sustaining the demurrer to the petition, and its judgment will therefore be affirmed.