Linderholm v. Ekblad.

No. 18,408.

JUSTUS B. LINDERHOLM, *Plaintiff*, V. JOHN EKBLAD,
*Defendant.*

HEADNOTE BY THE REPORTER.

GUARDIAN—*Ouster—Jurisdiction of Supreme Court.* A person
appointed by the probate court guardian of an insane person
is not a public officer within the meaning of subdivision 1 of
section 680 of the civil code, and the supreme court has no
jurisdiction to oust such person from such guardianship.

Original proceeding in quo warranto. Opinion filed
April 11, 1914. Motion to dismiss sustained.

*John F. Hanson*, of Lindsborg, for the plaintiff.

*Frank O. Johnson*, of McPherson, for the defendant.

*Per Curiam:* This is an original action in the nature
of quo warranto brought by the plaintiff, Justus B.
Linderholm, to oust the defendant from the office of
guardian of the plaintiff, "alleged insane." Four rea-
sons are assigned as a basis for the action: First, that
the probate court had no jurisdiction to appoint the
guardian; second, that the plaintiff had no notice of the
hearing in the probate court and no opportunity to be
present in person or by attorney; third, that the dis-
trict court had no jurisdiction to proceed with the trial
for the reason that there had been no proper finding of
insanity in the probate court; fourth, that the defend-
ant was administrator of the estate of the mother of
plaintiff and there were matters to adjust between this
estate and the plaintiff, and defendant was disqualified
by reason thereof to be appointed as such guardian.
Probably all of these questions are appealable to the
district court after a hearing in the probate court un-
der the provisions of subdivision 9 of section 3624 of
the General Statutes of 1909.

The defendant filed a demurrer to the petition and
also a motion to dismiss the action. The motion and

demurrer are substantially on the same grounds, and as the motion, in the view we take of it, makes a final disposition of the case in this court, we will consider the motion only.

Four grounds are assigned as cause for dismissal: First, that the case is improperly on the docket because no security for costs has been given, as required by Rule 4 of this court; second, that as an original civil action it is improperly upon the docket for the reason that no affidavit has been filed giving reasons why this action is not brought in an inferior court, as required by Rule 5; third, that this court has no jurisdiction for the reason that the petition on its face shows that the plaintiff has an adequate remedy at law; fourth, that this court has no jurisdiction in this case to grant the relief prayed for.

The first, second and third grounds of the motion are involved in other cases pending in this court and need not be determined herein.

Whether this court has jurisdiction or not depends upon subdivision 1 of section 680 of the civil code, which reads:

"When any person shall usurp, intrude into or unlawfully hold or exercise any public office, or shall claim any franchise within this state, or any office in any corporation created by authority of this state."

This is the grant of jurisdiction to the supreme court, and unless the provision grants it this court has no jurisdiction.

Assuming, for the purpose of the argument, that the defendant was irregularly appointed guardian of the plaintiff's estate, the question is whether such guardianship is a public office. The only authority presented under which it is claimed that the position constitutes a public office is *Trotter v. Mitchell*, 115 N. Car. 190, 20 S. E. 386, in which it was held that in North Carolina a public administrator is a public officer; that the office is a property right, and the incumbent can not be deprived

of it except by the law of the land.   In that state the term of the public administrator is eight years.   He is not appointed to administer one estate, but all estates that come within his jurisdiction.   The case has no application to the case at bar.

By the provisions of section 2473 of the General Statutes of 1909, the probate court has power to appoint and remove guardians of minors and feeble-minded persons.   The appointment when made is not for a definite term, but the appointee is subject to removal by the same court at any time for cause.   Such guardian is not a public officer, and this court has no jurisdiction to entertain the case.

The motion to dismiss the action is sustained.