No. 26,260.

John McGraw, *Appellant,* v. Rural High School District No. 1, Linn County, *Appellee.*

SYLLABUS BY THE COURT.

Schools—*Liability in Tort.* A rural high-school district is not liable in tort for injuries sustained by a workman employed to assist in the erection by the district of a high-school building.

Appeal from Linn district court; Edward C. Gates, judge. Opinion filed March 6, 1926. Affirmed.

*John A. Hall,* of Pleasanton, and *R. A. Kope,* of Kansas City, Mo., for the appellant.

*W. P. Dillard,* of Fort Scott, and *John O. Morse,* of Mound City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for personal injuries sustained by plaintiff while employed as a laborer to assist in the construction by the district of a high-school building. The petition alleged the injuries were occasioned by defendant's negligence. A demurrer to the petition was sustained, and plaintiff appeals.

The question presented is the old one of liability of a governmental agency for tort. It is contended the erection of the school building was not a governmental function, a distinction being made between providing school facilities and making use of provided facilities for educational purposes. It is further contended the peti-

Constitutional Law, 12 C. J. pp. 884 n. 3, 885 n. 14. Schools and School Districts, 35 Cyc. pp. 971 n. 75, 972 n. 82; 37 L. R. A. 301; 49 L. R. A. n. s. 1026; 24 R. C. L. 604.

tion presents a case of liability under a specific contract, not a case of violated public duty, citing *Williams v. Kearny County,* 61 Kan. 708, 60 Pac. 1046. Finally and chiefly, it is contended that, since the district had authority to erect the building and to employ plaintiff to do the work in which he was engaged when he was injured, the law of master and servant applies.

The school building was indispensable to keeping school, and providing the building for educational purposes was just as much a sovereign function as utilizing the building for educational purposes. The contract of employment contained no express covenant to return plaintiff to a status of good condition at expiration of his employment, and no implied covenant not to injure him, analogous to the covenants of the lease in the Williams case. While the contract of employment created the relation of master and servant, the relationship was not created for the private advantage of the incorporators of the school district, but to promote the general welfare through education of the young, a sovereign function to be exercised under immunity of the sovereign from tort liability.

If the doctrine of state immunity in tort survives by virtue of antiquity alone, is an historical anachronism, manifests an inefficient public policy, and works injustice to everybody concerned (Governmental Responsibility in Tort, by Edwin M. Borchard, 11 Am. Bar Assn. Jrl. 496, August 1925), the legislature should abrogate it. But the legislature must make the change in policy, not the courts.

The judgment of the district court is affirmed.