No. 38,674

EDNA KITZEL, a minor child, by EWALD KITZEL, her next friend and father, *Appellee,* v. ROBERT ATKESON and LEE IRVIN ATKESON, a minor, *Appellants.*

(245 P. 2d 170)

Opinion filed June 7, 1952.

J. W. *Lowry,* of Atchison, argued the cause, and *Elmer E. Reital* and *Price Shoemaker,* both of St. Joseph, Mo., and *Steadman Ball* and *Edmund L. Page,* both of Atchison, were with him on the briefs for the appellants.

*Robert A. Reeder,* of Troy, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for injuries sustained in an automobile accident. The defendants demurred to the plaintiff's third amended petition, later called the petition, and their demurrer being overruled, they have appealed.

The allegations of the petition are summarized. Plaintiff alleged that she and the defendant Lee Irvin Atkeson were students enrolled in Severance High School; that the high school was represented and participated in a softball tourney of various high schools of Doniphan county held October 17, 18 and 20, 1950, and as a part of the high-school activities she and the defendant were required and instructed to be present at the tournament, attend the games and re-

turn while under the instruction, supervision and charge of the superintendent and teachers of the high school, departing from the school building after regular school sessions had begun and returning to the school building prior to dismissal from regular school sessions; that on October 20, 1950, she, with other students, was assigned as an *involuntary* guest and passenger in a 1950 Chevrolet sedan owned by and the property of defendant Robert Atkeson and driven and operated by his son the defendant Lee Irvin Atkeson, for the purpose of transportation to Leona, about five miles away; that Severance High School did not have a school bus available as a means of transportation to Leona and that Robert Atkeson, a resident and taxpayer of the district, in order to make possible the participation of the school in the school activity at Leona had an interest in the transportation of the pupils to Leona and provided and furnished the Chevrolet sedan to the Severance High School for use as a means of transportation of the pupils to Leona; that Robert Atkeson authorized and directed Lee Irvin Atkeson to drive and operate the sedan to transport students of Severance. High School to the school activity at Leona and that he acted as the agent of Robert Atkeson; that the sedan in which plaintiff was an *involuntary* guest was driven by Lee Irvin Atkeson, agent and minor son of Robert Atkeson, and was preceded from Severance to Leona by another automobile driven by another student; that the road traversed was a dusty road and hazardous when traveled at high speed; that the preceding automobile raised and threw up clouds of dust which covered and hung over the road, but notwithstanding, Lee Irvin Atkeson drove the sedan in which plaintiff was an *involuntary* guest and passenger at a high rate of speed of from sixty-five to seventy-five miles per hour within two car lengths behind the preceding automobile, with his vision partially to completely obscured, and omitting details, drove to the left side of the road and into a tractor on that side, as a result of which plaintiff received injuries for which she sought damages.

The defendants filed their motion that all allegations with reference to the school activities, and the furnishing of the Chevrolet sedan by Robert Atkeson, and the word "involuntary" wherever appearing, be stricken as redundant and irrelevant. This motion was denied in all particulars. The defendants then demurred on the ground the petition did not state facts to constitute a cause of action against the defendants or either of them. This demurrer was

overruled and the defendants appealed. They specify both rulings as error.

Prior to discussing the appellants' contentions, it is well that we clarify the general background. Both appellants and appellee point out that the Severance High School District is not a party, and some mention is made as to whether the omission is due to the fact it may have governmental immunity from liability for torts. In view of the fact the school district is not a party, we shall not discuss the question further than to say the doctrine of governmental immunity as applied to a school district is treated in *Lumber Co. v. Elliott,* 59 Kan. 42, 51 Pac. 894; *McGraw v. Rural High School,* 120 Kan. 413, 243 Pac. 1038; and an annotation in 160 A. L. R. 7. For our purposes it is immaterial whether the school district is liable or not, for it is well settled that an agent is liable for his acts of malfeasance or misfeasance. See *Duensing v. Leaman,* 152 Kan. 42, Syl. ¶ 2, 102 P. 2d 992, and authorities cited in the opinion.

We here note also that the petition contains no allegations of gross or wanton negligence and appellee's statement that her petition under consideration is framed on the theory of due care, and that under all of her allegations, her action is not within the purview of the so-called guest statute (G. S. 1949, 8-122b).

Appellants first contend the trial court erred in not sustaining their motion to strike. Insofar as the word "involuntary" is used in describing appellee's status in the automobile is concerned, we are of the opinion it should have been stricken as stating a conclusion. What that status was depended on facts alleged, and not on the adjective used. The ruling was, however, relatively unimportant. The other matter sought to be stricken set forth the circumstances under which appellee became a passenger in the car, and was relevant to the theory of the plaintiff, and to the question presented by the demurrer. On the assumption their motion was erroneously overruled, appellants argue the petition was to be strictly construed, citing *In re Estate of Clover,* 171 Kan. 697, 237 P. 2d 391, where a motion to make definite and certain, not a motion to strike, was involved. If the rule is applicable to a motion to strike, we note that in the later case of *Powell v. Powell,* 172 Kan. 267, 239 P. 2d 974, it was held the rule contended for had no application to a pleading or part of a pleading not vulnerable to a motion to make definite and certain. In view of our holding the motion to strike should not have been sustained, we need not discuss the matter of strict construction further.

In presenting their argument that their demurrer should have been sustained, appellants first direct attention to G. S. 1949, 8-122b, reading:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

and after stating that they do not deny the right of the school district to provide transportation for its pupils as provided by G. S. 1949, 72-618, to which reference is later made, state that no allegation of the petition discloses that either appellant benefited from the transportation of appellee; that Robert Atkeson in furnishing the car obtained no benefit, and that although appellee was compelled to attend the baseball tournament, her riding with Lee Irvin Atkeson put on him an additional duty of driving, but no benefit, and *Pilcher v. Erny,* 155 Kan. 257, 124 P. 2d 461; *Vogrin v. Bigger,* 159 Kan. 271, 154 P. 2d 111; *Srajer v. Schwartzman,* 164 Kan. 241, 188 P. 2d 971; and *In re Estate of Wright,* 170 Kan. 600, 228 P. 2d 911, are cited as supporting their contention that although payment for transportation need not be a money payment, it must constitute a benefit or advantage to the operator, motivating and not merely incidental in character. Appellants argue that no such benefits or advantages are alleged, and allegations of gross and wanton negligence being absent, the statute applies and appellee has failed to state a cause of action.

In support of the trial court's ruling, appellee directs attention to Laws 1947, chapter 359, §§ 5 and 14, which appear as G. S. 1949, 72-618 and 627. We here observe the guest statute was enacted in 1931. The first section, in substance, states that the governing body of a school district may provide means of transportation, such as buses or cars, to transport pupils to school activities such as musical contests, school debates, athletic contests, etc., within or without the boundaries of the school district, and that all pupils so transported shall be deemed under school control and discipline and accompanied by suitable school officials or instructors. The second section provides the school district may pay the cost of furnishing transportation of pupils as provided in the act. Appellee argues that the legislative intent expressed by the above sections is to exclude the pupils being transported from the limitations and conditions imposed by the guest statute.

In our opinion, appellee's contention must be sustained in theory. Passing for the time being the fact the means of transportation was by automobile and not by regular school bus, we think it may not be said that a pupil who, by reason of statutory provision therefor and who under school discipline, is compelled to ride in the school bus has the status of a guest with relation either to the school district, the school bus or its driver, the latter of whom transports the pupils as directed by the school authorities. The passenger is in the automobile by direction of the school authorities and not by reason of any invitation of the driver. Her designation of herself in her petition as an "involuntary guest" is inaccurate. She is a passenger, as she also designates herself, but her transportation is paid for by school funds. Insofar as the use of the Atkeson car is concerned, we think it occupies the same place and is governed by the same rules as though it were the school bus, and that it may not be said that appellee was a guest therein. The allegations of the petition make it abundantly clear that appellee, then under school control and discipline, was assigned to the Atkeson car to be taken to a required destination, and that she was in no sense a "guest" of either the owner or the driver of the car. While it is true the petition does not allege the school district paid Robert Atkeson any moneys for the use of his automobile, that automobile, while being used as alleged, was the school bus, and plaintiff's rights were not altered or diminished by the fact the school district may not have paid for the use.

In what has been said, we have not attempted to distinguish between the liability of Lee Irvin Atkeson as the driver and of Robert Atkeson as the owner of the automobile. In view of what has been said, it follows that a cause of action was alleged against Lee Irvin Atkeson for his own negligence. All that was alleged against Robert Atkeson was that he owned the automobile which he furnished to the Severance school in order to make possible the school's participation in the baseball tournament. From the time he furnished the automobile it was under the control of the school officials—they determined when it left the schoolhouse, who rode in it and when it returned—in no sense was Robert Atkeson in charge of the automobile at the time the accident is alleged to have occurred. Liability for negligent operation of the automobile cannot be fastened on Robert Atkeson simply because he owned the automobile.

Appellants also contend that the petition disclosed that appellee

was guilty of contributory negligence. Appellee objects to any consideration of this contention for the reason it was not raised in the trial court and is asserted for the first time on this appeal. No answer has been made to this objection, the record as abstracted tends to show the objection is good, and we therefore accept the fact to be as stated. It has been held repeatedly that a question not raised in the trial court for its consideration, cannot be considered on appeal. See West's Kansas Digest, App. & E., § 169, Hatcher's Kansas Digest, App. & E., § 304. The contention will not be considered.

The ruling of the trial court overruling the demurrer of the defendant Robert Atkeson is reversed and remanded to the trial court, with directions that it be sustained. All other rulings appealed from are sustained and affirmed.