No. 39,398

Marshall J. Freeburne, *Appellee*, v. The City of Emporia, a Municipal Corporation, Lyon County, Kansas, *Appellant*.

(271 P. 2d 298)

Opinion filed June 12, 1954.

*James W. Putnam* and *Richard Mankin*, both of Emporia, argued the cause and were on the briefs for the appellant.

*Everett E. Steerman*, of Emporia, *George A. Robb* and *Forrest A. Wilson*, both of Newton, all argued the cause, and *J. G. Somers*, of Newton, was with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for injuries sustained in colliding with an alleged defect in a city street. The appeal is from an order overruling a demurrer to the amended petition.

Whether the amended pleading, hereinafter for purposes of brevity referred to as the petition, states facts sufficient to constitute

a cause of action is the all decisive appellate issue involved. On that account, because it sets forth all the facts and definitely discloses the legal theory on which plaintiff bases his right to relief, we shall quote such pleading at length, omitting only formal averments, allegations of no consequence to the issue, assertions as to the nature and extent of injuries sustained, and the prayer. After stating the name and residence of the plaintiff and the corporate status of the defendant, a city of the second class, the petition reads:

"Plaintiff further alleges and says that a number of months prior to September 4, 1951, the exact time being unknown to this plaintiff, the city of Emporia installed or caused to be installed, plaintiff does not know which, traffic lights on the four corners of the intersection of Sixth and Merchant Streets in such city and, as a part of such installation, placed a substantial metal box approximately twenty inches in height, sixteen inches in width and eight inches in depth on a pole at the northeast corner of the intersection of these two streets, placing the same about five feet above the curb and sidewalk level, the curb and sidewalk being contiguous at this point. This box juts out from the pole on the east side thereof, eight or more inches and is so located that a person of normal height would strike his head on the bottom edge of the box in stepping up from the street gutter to the sidewalk or curb. A mechanism for the control of the traffic lights is located in this box.

"Plaintiff further alleges and says that parking lanes or lines and parking meters were installed along the curb adjacent to this box and pole upon which it was mounted, such lines and meters having been installed by the city or its employees, and automobiles were permitted to be parked there by the public, and drivers of such vehicles, after parking their cars stepped from the street up onto the curb and sidewalk, that fact being well known to the governing body of the City of Emporia, and that the location of this box on the pole in such a position that a driver would strike his head against it in going from the street to the sidewalk, was so manifestly dangerous and unsafe that it constituted a defect.

"Plaintiff further alleges and says that on the night of September 4, 1951, at about ten o'clock, or shortly thereafter, he parked his automobile at the curb on the north side of Sixth Street in the defendant city, diagonally to the curb, in a parking stall marked on the pavement of Sixth Street by the defendant city or its employees, which stall was the first stall east of the intersection of Sixth Street with Merchant Street, and the west line of the stall was approximately four or five feet east of the pole upon which the metal box was mounted and approximately ten feet east of the east line of the crosswalk over Sixth Street, if there was one, or the same distance east of the property line on the east side of Merchant Street, and after locking his automobile doors, walked along the west side of his parked automobile toward the sidewalk and started to step up on the curb and sidewalk and in doing so violently struck his head against the lower edge of the traffic light control box, bruising and contusing his scalp, . . . and that all of such [temporary] injuries and damages were proximately caused by the location of the traffic-light-control-box in question

so placed and allowed to remain by the governing body of the defendant city, or its servants, agents or employees."

Before giving consideration to the petition a contention advanced by appellant to the effect its allegations should be strictly construed because a proper motion to make them more definite and certain was resisted and overruled should be noted. Without laboring the point, and conceding there are conditions under which the rule of strict construction is applied, it can be stated that even though it appears certain grounds of such motion had merit we have concluded failure to sustain them does not preclude a liberal construction of that pleading and will proceed on that premise.

At the outset counsel for appellee, with commendable candor, admit the placing of the traffic control box described in the petition on the pole therein mentioned by the appellant was a governmental function and that the same holds true of its continued operation.

It may be stated that ordinarily, under the rule prevailing in this jurisdiction, cities and other municipal corporations in the exercise of their governmental functions are not liable in damages for any neglect, or even wrongdoing, of their officers in the discharge of such duties unless such liability is expressly imposed by law. See, e. g., *Harper v. City of Topeka,* 92 Kan. 11, 13, 139 Pac. 1018; *Butler v. Kansas City,* 97 Kan. 239, 241, 155 Pac. 12; *Foster v. Capital Gas and Electric Co.,* 125 Kan. 574, 265 Pac. 81, and decisions therein cited.

However, it must be conceded that under all our decisions, even though there is no statute expressly imposing liability, an exception to the governmental immunity rule, above mentioned, has been made which holds cities liable for damages resulting from defects in their streets and highways. (*Linderholm v. Ekblad,* 92 Kan. 9, 139 Pac. 1015; *Hibbard v. City of Wichita,* 98 Kan. 498, 501, 159 Pac. 399; *Foster v. Capital Gas and Electric Co.,* 579, *supra.*) To further illustrate the rule of exception, which has been repeatedly adhered to, see the early case of *Jansen v. City of Atchison,* 16 Kan. 358, as originally reported, which holds:

"Cities, having the powers ordinarily conferred upon them respecting bridges, streets and sidewalks within their limits, owe to the public the duty of keeping them in a safe condition for use in the usual mode by travelers, and are liable in a civil action for special injuries resulting from neglect to perform this duty. [The previous rulings of this court in sundry cases, in respect to this question, noticed and affirmed.]" (Syl. ¶ 1.)

For informative purposes see, also, the first syllabus of the same case as reported in 16 Kan. (Second Edition) 358, which states the rule last above quoted as originally reported and in addition makes reference to numerous Kansas decisions of like import.

From what has been related it becomes apparent the essence of the question before this court on appellate review is whether the placing and continuous maintenance of the involved traffic control box in a position where appellee could and did collide with it, under conditions and circumstances set forth in the petition, is to be regarded as constituting a defect in the city's street for which it is liable in a civil action. It is equally obvious that in approaching consideration of such question it must be kept in mind our determination thereof is limited and restricted to the cold printed pages of that pleading without benefit of photographs, maps, plats or other material, describing the alleged defect. Therefore, without further elucidation or comment, since there is no better way of depicting it, we refer readers of this opinion to the theretofore quoted portion of such pleading for the existing factual situation on which our decision must depend.

We have been unable to find, and resort to the briefs discloses that the respective parties are in the same situation, any cases in this jurisdiction passing upon the precise question here involved. The following cases (*City of Eudora v. Miller*, 30 Kan. 494, 2 Pac. 685; *Gould v. City of Topeka*, 32 Kan. 485, 4 Pac. 822; *Kansas City v. Siese*, 71 Kan. 283, 80 Pac. 626; *Williams v. City of Parsons*, 87 Kan. 649, 125 Pac. 60; *Loftin v. City of Kansas City*, 164 Kan. 412, 190 P. 2d 378), cited by appellee, all involve entirely different factual situations, hence they are clearly distinguishable and of little if no value as controlling precedents. It may be said the same holds true of the Kansas cases on which the appellant relies. More helpful, but nevertheless inconclusive because they deal with collisions between automobiles and traffic control devices within the intersections of city streets, are cases it cites from foreign jurisdictions. (See *Blackburn v. St. Louis*, 343 Mo. 301, 121 S. W. 2d 727; *Prewitt v. St. Joseph*, 334 Mo. 1228, 70 S. W. 2d 916; *Edwards v. City of Shreveport*, [La.] 66 So. 2d 373; *Parson v. Texas City*, [Tex. Civ. App.] 259 S. W. 2d 333; *Auslander v. St. Louis*, 332 Mo. 145, 56 S. W. 2d 778; *Clain v. City of Burlington*, 202 F. 2d 532.)

Nothing would be gained by a long or an intricate discussion of the distinguishing features of the foregoing Kansas cases. By the

same token, particularly since it does not appear they either recognize or apply the rule of exception to governmental immunity prevailing in this jurisdiction, the same holds true of the cases cited from foreign jurisdictions. It suffices to say that upon an extended review of all such decisions and careful consideration of all arguments advanced by counsel for the parties in support of their respective positions, we have concluded that under the conditions and circumstances set forth in the petition the traffic control box relied upon by appellee as the basis for recovery herein should not be held to constitute a defect in the city's street and that the exception to the rule of governmental immunity recognized by our decisions with respect to cities should not be extended to the point where it includes a traffic control box of its nature or character.

In concluding this opinion it should perhaps be frankly stated that we have taken judicial notice of the fact, although we do not here pass upon their status as defects, that on the streets of all cities throughout the length and breadth of this entire state, there are countless and untold devices, similar to the one here involved, such as fire plugs; fire alarm boxes; parking meters; street blinkers; stationary and permanent automatic stop and go traffic signals; street and street crossing signs; stationary stop signs; stationary no right and no left turn signs; highway marker signs; one-way street markers; traffic guides; traffic speed control signs; divers types of street light poles, including white-way poles; school signs; mail boxes; trash boxes; and even drinking fountains, necessary for the protection, health, welfare and convenience of the public, all of which might well be considered defects in city streets if we were to hold, as appellee contends, that the involved traffic control signal is to be regarded as an actionable defect. We are neither prepared nor disposed, under the confronting facts and circumstances, to here hand down a decision that would warrant citation as setting a controlling precedent for any such conclusion.

Based on what has been heretofore stated we hold the petition fails to state a cause of action. This, of course, makes it unnecessary to treat other matters relied on by appellant as compelling a like conclusion and it follows the case should be reversed and remanded with directions to sustain the demurrer and render judgment for the appellant.

It so ordered.