No. 39,267

LINDEL BERTHEL JONES, a Minor of the Age of Nine Years by DORIS JONES, Her Mother as Next Friend, *Appellant,* v. THE CITY OF KANSAS CITY, KANSAS, a Municipal Corporation and THE BOARD OF EDUCATION OF KANSAS CITY, KANSAS, a Quasi-Municipal Corporation, *Appellees.*

(271 P. 2d 803)

Opinion filed June 12, 1954.

*C. D. Bruce,* of Kansas City, argued the cause for the appellant.

*Thomas M. Van Cleave,* of Kansas City, argued the cause for appellee The Board of Education of the City of Kansas City, Kansas.

*William H. Towers,* of Kansas City, argued the cause, and *C. W. Brenneisen, Jr., James J. Lysaught,* and *John J. Ziegelmeyer,* all of Kansas City, were with him on the brief for appellee The City of Kansas City, Kansas.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for personal injuries. The trial court sustained demurrers to the plaintiff's petition and she appeals.

In her petition plaintiff alleged she was a minor of the age of nine years; that the City of Kansas City, Kansas, hereafter called the City, was a municipal corporation under the laws of the state of Kansas, and that the Board of Education of Kansas City, Kansas, hereafter called the Board, was a quasi-municipal corporation under the laws of the state of Kansas and in full charge and owner of all school buildings and as employer of all teachers and maintenance employees and of all equipment in school buildings, and made regulations therein for the safety of teachers and pupils in the public schools in Kansas City, Kansas, including The Douglas School in said City (there is no allegation of any regulation made); that a long time prior to May 15, 1952, the Board placed in the basement of The Douglas School a large circular wash basin for the children of the third grade in the school and:

*"That said defendant The Board of Education of Kansas City, Kansas created and maintained the following nuisance in connection with the aforesaid*

*circular wash basin in the basement of the Douglas School aforesaid on May 15th, 1952 and for a long period of time immediately prior thereto;* that many of the children, the pupils in said Douglas School, but not this plaintiff would splash water on the floor in using this circular wash basin and the floor in the room housing this circular wash basin was smooth and hard surfaced, that some of the children would throw paper towels on the floor in using said wash basin and the aforesaid caused the floor in the room in which this circular wash basin was located in the basement of the Douglas School to be always slippery *and dangerous to the health and physical welfare of the school children using aforesaid wash room including this minor plaintiff and a nuisance.* And the aforesaid was well known to the officers and employees of the defendant, The Board of Education of Kansas City, Kansas or by exercise of ordinary care should or could have been known by them, *but was condoned by them on May 15th, 1952 and for a long period of time immediately prior thereto.* (Italics supplied.)

It was further alleged that on May 15, 1952, plaintiff approached the above basin, using due care for her safety, when her right foot, without fault on her part, slipped forward on the slippery floor causing her to fall violently and sustain injuries the nature of which are alleged in detail. In the fourth paragraph of her petition plaintiff alleged that she made the City a party because by law it was responsible for judgments obtained against the Board and it was the duty of the City to take action to abate nuisances in the defendant City; that the City knew of the existence of the nuisance pleaded for a long period of time prior to May 15, 1952, or by the exercise of ordinary care could have known thereof and it was a necessary party for a complete determination of the controversy. Allegations as to her filing statements of her claim with the city clerk of Kansas City are noted but need not be detailed. Her prayer was for a money judgment against both defendants.

The City and the Board filed identical motions to strike the language italicized above and all of the fourth paragraph, as well as other parts of the petition on the ground they were redundant, irrelevant and repetitious, were statements of conclusions and not of facts and were prejudicial. These motions were denied and thereafter each defendant demurred on the ground that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against it. On hearing, the trial court sustained each demurrer. The plaintiff then requested leave to file an amended petition within twenty days. The court, being of the opinion the defects in plaintiff's petition could not be remedied by amendment, denied the request.

In due time plaintiff perfected her appeal against both defendants.

She specifies as error the trial court's rulings on the demurrers and its refusal to permit her to amend her petition.

We shall first consider the City's demurrer, although it is obvious that if no cause of action is stated against the Board, none is stated against the City. But assuming for the moment that a cause of action is stated against the Board, does it follow that one is stated against the City? The gist of appellant's argument is that under G. S. 1949, 72-1717, the title to all property held for the use and benefit of the public schools in cities of the first class, to which class the City belongs, is vested in the board of education which holds in trust for the City, and it is argued that the Board is an arm of the City; also that the City had also a duty to abate nuisances under G. S. 1949, 13-1417, and, under our decision in *Hubert v. Board of Public Utilities*, 162 Kan. 205, 174 P. 2d 1017, the City was an indispensable party. It is first noted that G. S. 1949, 72-1717, on which appellant predicates her argument, was repealed in 1951 and before her injuries were sustained. Under G. S. 1951 Supp., 72-1612 the board of education is a body corporate and politic, possessing the usual powers of a corporation for public purposes under a designated name and in such name may sue and be sued and acquire, hold and convey real and personal property in accordance with law. Under G. S. 1951 Supp., 72-1623 the board of education "shall hold the title to, and have the care and keeping of all school buildings and other school properties belonging to the city school district." These statutes, in effect when plaintiff was injured, control. The rule of the Hubert case above has no application here and the trial court did not err in sustaining the City's demurrer.

Insofar as the Board's demurrer is concerned, as we understand her argument appellant does not contend but that the rule is that a governmental corporation or a quasi-municipal corporation, like the board of education of a city, is never liable for the consequences of a breach of public duty or the neglect or wrong of its officers unless there is a statute expressly imposing such liability. (See, *e. g., Lumber Co. v. Elliott*, 59 Kan. 42, 51 Pac. 894; *Shawnee County v. Jacobs*, 79 Kan. 76, 99 Pac. 817; *Fisher v. Township*, 87 Kan. 674, 125 Pac. 94, 41 L.R.A. n.s. 1074, Ann. Cas. 1914 A 554; *Phillips v. State Highway Comm.*, 148 Kan. 702, 84 P. 2d 927; *Parker v. City of Wichita*, 150 Kan. 249, 92 P. 2d 86; *Wray v. City of Independence*, 150 Kan. 258, 92 P. 2d 84; *Smith v. Kansas City*, 158 Kan. 213, 146 P. 2d 660; and *Freeburne v. The City of Emporia*, this day decided,

176 Kan. 503, 271 P. 2d 298, and cases cited.) But she does contend that such a governmental corporation's immunity does not extend to the creation or maintenance of a nuisance, in support of which she cites *Krantz v. City of Hutchinson, et al.,* 165 Kan. 449, 196 P. 2d 227, 5 A.L.R. 2d 47, and *Neiman v. Common School District,* 171 Kan. 237, 232 P. 2d 422, and cases from other jurisdictions. And see also *Jeakins v. City of El Dorado,* 143 Kan. 206, 53 P. 2d 798. Without elaboration it may be said the general rule contended for is the law of this state and the crucial question is whether the allegations of the petition warrant its application.

We have previously noted that appellant successfully resisted the Board's motion to strike the allegations there was a "nuisance" on the ground such allegations constituted only conclusions of the pleader and were redundant, irrelevant and repetitious. Such a motion was proper for failure to make it might constitute a waiver of objection as to its being a proper part of the pleading (*Sheldon v. Board of Education,* 134 Kan. 135, 4 P. 2d 430). If the allegation there was a nuisance is only a conclusion of the pleader, a matter later mentioned, it was not admitted by the demurrer now under consideration.

Before taking up the allegations of the petition, we note that we have said on more than one occasion that the word "nuisance" is incapable of precise definition, but that generally it means annoyance and that any use of property which endangers life or health, or gives offense to the senses, violates the laws of decency or obstructs reasonable and comfortable use of property, may be said to constitute a nuisance. See *Hofstetter v. Myers, Inc.,* 170 Kan. 564, 228 P. 2d 522, 24 A. L. R. 2d 188, and *Jeakins v. City of El Dorado,* supra, and cases cited. For present purposes we do not deem it necessary to discuss any distinctions between public and private nuisances, nor between injuries to persons or to property, nor to any possible exceptions to the general rule above stated.

No authority need be cited that a wash basin located in a school building is not a nuisance in and of itself and we hold it was not. The only allegation of fact is that many of the pupils, in using the wash basin, would splash water on the floor which was smooth and hard surfaced and that some of them would throw paper towels on the floor which caused the floor to be slippery. Her allegation that a nuisance was created is only her conclusion. The above allegations do not charge the Board with the creation of a nuisance, rather

if an unsafe condition is created it is by the pupils, and if the Board is to be charged in any manner it is because its employees do not prevent the pupils from splashing the water on the floor and dropping the towels—in which event the failure of the employees might possibly be negligent, but the situation created would not be a nuisance in law and the rule as to governmental immunity would apply. To hold otherwise would be counter to common experience in the conduct of schools, and would be to hold that the Board was legally liable in damages to any pupil injured by reason of the acts of other pupils if the Board could have prevented the injury. The schools are conducted in a governmental capacity and the furnishing of wash basins is a necessary part of a school building's equipment. It is too well known to be subject to debate that children of the third grade and about nine years of age, as was the appellant, when using the washing facilities, will splash water on the floor and will not take care that paper towels are not thrown on the floor. Under such circumstances, and under the allegations of appellant's petition, we will not hold that the fact it is done constitutes a nuisance.

There remains for consideration appellant's complaint that the trial court erred in that after sustaining the demurrers, it refused her permission to amend her petition. In her brief appellant says she believes the trial court erred, but she presents no argument of any kind. The record set forth in the abstract and statements in her brief do not disclose what possible amendments could have been made that would have altered the situation as it was pleaded in the petition. It has not been made to appear the trial court erred.

The orders, rulings, and judgments of the trial court are affirmed.