No. 39,674

CALLA L. KEESEE, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF KIOWA COUNTY, KANSAS, *Appellee.*

(281 P. 2d 1089)

Opinion filed April 9, 1955.

*Harold S. Herd,* of Coldwater, and *Ralph C. Hall,* of Medicine Lodge, were on the briefs for the appellant.

*Martin A. Aelmore,* county attorney, of Greensburg, and *Steve W. Church,* of Greensburg, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for damages against a board of county commissioners. The trial court sustained a demurrer to the amended petition on the ground it did not state facts sufficient to constitute a cause of action against defendant and in favor of plaintiff. It stated the county had been engaged in the operation of hauling gravel from a gravel pit nine miles from a United States highway; that the trucks used were owned, operated and maintained by the defendant; that a private roadway from the gravel pit to the highway traversed an uncultivated field and ran parallel to the highway for approximately 300 feet and then entered the highway from an easterly direction at the bottom of a hill. The petition then stated vision was restricted at the entranceway to the highway because of the hill and the dusty condition of the roadway; that it was extremely dusty and trucks approaching the highway could not be clearly seen from it due to this dusty condition and to the private road entering the highway at the bottom of the hill; that no signs or flagmen were placed there to warn users of the highway; that trucks were continually driven onto it from the gravel pit road without stopping or giving way to oncoming traffic, all contrary to the

statutory rules of the road. The petition then contained the following paragraph:

"That all of said conditions, above described, were maintained by the defendant, and were then and there and at all times herein mentioned a continuing dangerous, unlawful and unwarranted use of defendants property on said U. S. Highway 183, endangering the lives and property of the users of U. S. Highway 183, and being then and there and at all times herein referred to a nuisance maintained by the defendant."

The petition stated plaintiff was riding as a passenger in the cab of a Chevrolet pickup truck; that the driver was keeping a sharp lookout and driving at the approximate speed of forty miles an hour and in a reasonable and prudent manner and a truck loaded with gravel owned and operated by defendant was driven onto the highway from the private road immediately in front of the truck in which plaintiff was riding and collided with it, with the result the plaintiff was thrown forward and injured. The prayer of the petition was for damages in the amount of $37,381.64.

The demurrer to this petition was on the grounds it disclosed the court had no jurisdiction of the subject of the action and it did not state facts sufficient to constitute a cause of action. At the argument the first ground of the demurrer was abandoned; the court sustained the demurrer on the ground the amended petition did not state facts sufficient to constitute a cause of action against the defendant and in favor of the plaintiff. Hence this appeal.

The plaintiff concedes generally a county is not liable for damages except in cases where the statute makes it liable. She argues, however, the county is liable here because the damages are due to the maintenance of a nuisance. She argues that she pleaded a nuisance and the case comes under the rule announced in *Jeakins v. City of El Dorado*, 143 Kan. 206, 53 P. 2d 798, and other cases.

We pass without comment the question whether the rule announced in the Jeakins case applies to counties. We choose to place this decision on the ground the facts pleaded did not constitute a nuisance as the term is used in situations such as the Jeakins case. In that case the petition, at which the demurrer was leveled, stated, the city so negligently operated its sewage disposal plant that raw and untreated sewage was dumped into a river, the water became very foul, unclean and contaminated, and an obnoxious and nauseating odor came from it, so that plaintiffs were forced to leave their homes on account of it. This condition lasted during two summers. We held such a petition stated a cause of action even though the

city was maintaining the sewage disposal plant as a governmental function. In *Jones v. City of Kansas City,* 176 Kan. 406, 271 P. 2d 803, we stated:

"Before taking up the allegations of the petition, we note that we have said on more than one occasion that the word 'nuisance' is incapable of precise definition, but that generally it means annoyance and that any use of property which endangers life or health, or gives offense to the senses, violates the laws of decency or obstructs reasonable and comfortable use of property, may be said to constitute a nuisance."

Here the petition alleged restriction of vision because of a hill and because of dust, no signs or flagmen and trucks entering the highway without giving way to traffic on it. The whole condition had existed for only about a month. It would not do to say that a dusty condition on a road, which obviously would only be bad with the wind in a certain direction or an absence of flagmen or signals, would meet the conditions set out in the various cases where we have held the condition described in some particular case constituted a nuisance. To so hold would go far toward making the county liable for acts of ordinary negligence. The nuisance rule was never intended to do that. The allegation already quoted in this opinion, that this condition created a nuisance, is only a conclusion. The petition must allege facts constituting a nuisance. A bare statement of a conclusion is not enough. (See *Jones v. City of Kansas City,* supra.) In *Steifer v. City of Kansas City,* 175 Kan. 794, 267 P. 2d 474, we held:

"What may or may not constitute a nuisance in a particular case depends upon many things, such as the type of neighborhood, the nature of the thing or wrong complained of, its proximity to those alleging injury or damage, its frequency or continuity, and the nature and extent of the injury, damage or annoyance resulting. Each case must, of necessity, depend upon particular facts and circumstances."

It is worthy to note here that this condition had been in existence only about thirty days. In the cases where we have held a nuisance to exist, the condition was more or less of a permanent nature.

The trial court ruled correctly in holding this petition did not state facts sufficient to constitute a cause of action.

The judgment of the trial court is affirmed.