No. 41,256

Dale Edward Rose, Jr., by his next friend, Dale E. Rose, *Appellant*, v. The Board of Education of Abilene, Kansas, and Harry Adams, *Appellees*.

(337 P. 2d 652)

Opinion filled April 11, 1959.

*Horace A. Santry,* of Salina, argued the cause, and *Joseph B. Crowther,* of Salina, was with him on the briefs for the appellant.

*John H. Lehman,* of Abilene, argued the cause, and *D. V. Romine* and *William A. Guilfoyle,* both of Abilene, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action by a six-year-old boy, through his father, against the board of education of Abilene and one of its employees to recover for personal injuries sustained by plaintiff when he stepped into hot burning coals resulting from the burning of a tree stump by the employee on the school playgrounds.

Defendants' joint demurrer on the ground the petition did not state facts sufficient to constitute a cause of action against defendants, or either of them, being sustained, plaintiff has appealed.

Briefly summarized, the petition alleges the following:

Defendant board of education is a body corporate and is in supervisory charge of the educational system of the public schools of Abilene. At all times material, defendant Harry Adams was employed as a custodian by the board, and that all acts referred to and done by him were done as the agent and servant of the board, and that such acts were within the scope of his authority and employment.

On or about August 7, 1956, defendant Adams, while acting for and on behalf of defendant board, burned out a tree stump on the playground of the McKinley Public School, the same being a part of the school system of the city of Abilene and under supervision and control of defendant board. As a result of such burning, a hole in the playground was created and live fire and coals were left in the hole in the stump with a covering of ashes on the top

thereof. Plaintiff, who resided in a home adjoining the school, was in the habit of playing with other neighborhood children on the playground in question. While playing on the grounds he stepped into the hole in the stump, which had been left unattended by defendant Adams, and received severe burns on his foot and ankle from the hot and live coals.

It is then alleged that his injuries were proximately and directly sustained as a result of the negligence and carelessness of defendants, and both of them, in that they left an unattended fire on a public schoolground when they knew, or should have known, that the area was being utilized by children of tender age; that defendants left the fire in such a manner that its existence could not be perceived, causing it to be hazardous to users of the playground; that defendants negligently and carelessly failed to maintain the playground in a safe condition; that defendants negligently and carelessly permitted the playground to be in a condition which they knew, or should have known, was dangerous to the users thereof, and particularly the plaintiff, and that defendants negligently and carelessly maintained upon the playground a burned-out stump containing live fire.

Recovery was sought in the amount of $5,000, but for our purposes allegations concerning the nature and extent of the injuries and medical expense need not be related.

The sole question presented is whether the petition states a cause of action against defendant board of education and its employee, or either of them.

We first discuss the question whether the petition states a cause of action against defendant board of education.

Concededly, a board of education is a quasi-municipal corporation and its operation of a public school system, including school playgrounds, constitutes the performance of a governmental function as distinguished from proprietary, and, with respect to tort liability, is governed by the same rules applicable to a city or other governmental instrumentality engaged in a governmental function. The general rule of law in this state, as elsewhere, is that in the absence of a statute imposing liability a city is not liable in tort for the negligence or misconduct of its officers or employees in the performance of governmental functions. (*Rhodes v. City of Kansas City,* 167 Kan. 719, 208 P. 2d 275, and *Steifer v. City of Kansas City,* 175 Kan. 794, 797, 267 P. 2d 474.)

With specific reference to public schools, the rule is well settled

that, subject to certain exceptions and limitations, school districts, school boards or similar agencies or authorities in charge of public schools, are immune from tort liability in the absence of a statute to the contrary, either for their own torts or those of their officers, agents or employees, while engaged in school or educational affairs of a governmental character. (47 Am. Jur., Schools, § 56, p. 334 [and see notes under § 56, p. 27, of the 1958 Cumulative Supplement]; 78 C. J. S., Schools and School Districts, § 320b, p. 1323; annotation on the subject found at 160 A. L. R. 7; *Lumber Co. v. Elliott,* 59 Kan. 42, 51 Pac. 894; *McGraw v. Rural High School,* 120 Kan. 413, 243 Pac. 1038, and *Jones v. City of Kansas City,* 176 Kan. 406, 408, 409, 271 P. 2d 803.) (We are cited to no statute, and know of none, imposing liability on a school board under the facts and circumstances of this case.)

A well-recognized exception, however, to the general rules pertaining to immunity of a governmental instrumentality from tort liability while engaged in a governmental function, is that the doctrine of immunity does not extend to cases where the conduct of the city or, as here, a school board, results in creating or maintaining a nuisance. (*Jeakins v. City of El Dorado,* 143 Kan. 206, 53 P. 2d 798; *Neiman v. Common School District,* 171 Kan. 237, 246, 232 P. 2d 422; *Lehmkuhl v. City of Junction City,* 179 Kan. 389, 393, 295 P. 2d 621, 56 A. L. R. 2d 1409, and annotations at 75 A. L. R. 1196 and 56 A. L. R. 2d 1415.)

What may or may not be considered a "nuisance" within the scope of the rule has been the subject of numerous decisions. The Jeakins case involved the manner of sewage disposal by the city. The Steifer and Lehmkuhl cases involved the operation of a city dump. From these and other cases cited therein it may be stated as a general rule that what may or may not constitute a nuisance in a particular case depends upon many things, such as the type of neighborhood, the nature of the thing or wrong complained of, its proximity to those alleging injury or damage, its frequency, continuity or duration, the damage or annoyance resulting, and that each case must of necessity depend upon the particular facts and circumstances.

Running through the various definitions, however, and in the decisions upholding liability where the agency was engaged in a governmental function, is the proposition that the "nuisance" in question was in fact created and maintained by the city (as the case may be) and that it had been in existence for some time

as contrasted to an isolated instance of a temporary nature, such as we have here. As a practical matter, may it be said that under the allegations of the petition before us the board of education, as such, created and maintained the dangerous condition complained of? We think not. The most that can be said for the situation is that defendant Adams, while acting within the scope of his employment by the board as custodian of the school property, burned out a tree stump and negligently and carelessly left the fire unextinguished and unattended. In our opinion, the facts and circumstances fall short of constituting a "nuisance" within the meaning and scope of the general rules to which reference has been made.

It follows, therefore, that as to defendant board of education the petition did not state a cause of action, and as to it, the board, the demurrer was properly sustained.

Does it follow, however, that the cloak of immunity from tort liability surrounding the school board in this case extends to the employee?

Neither of the briefs cites any authority on this proposition, but in the limited time available we have found some dealing with the general subject matter.

In the annotation at 160 A. L. R., heretofore referred to, at pages 35 and 36, the author states that it appears to be the general rule that the immunity of school districts, school boards, or other agencies in charge of public schools, ordinarily does not extend to their agents or employees with regard to their personal tort liability, in the absence of a statute providing otherwise.

In 78 C. J. S., Schools and School Districts, § 322b, p. 1337, it is said that the operator or driver of a school bus is liable for injuries to school children resulting from his negligence and cannot escape personal liability on the ground that his services constitute acts in the course of governmental functions.

In *Florio v. Jersey City,* 101 N. J. L. 535, 129 A. 470, and reported at 40 A. L. R. 1353, it was held that the driver of a city fire truck was liable for the consequences of his negligent acts in the performance of such public duty, and that he was not clothed with the immunity extended to the city, and in the annotation following the case as reported in A. L. R. the rule is stated to be that an employee of a municipality is personally liable to one injured by his negligence while in the discharge of his duties.

In *Rowley v. City of Cedar Rapids*, 203 Iowa 1245, 212 N. W. 158, and reported at 53 A. L. R. 375, it was held that a public officer while traveling upon the public highway in the performance of a governmental function, in the sense that he was attempting to reach a point where he could actually perform and consummate such function, was under the same duty to exercise care, and subject to the same liability for want of such care, as any other citizen, irrespective of his official capacity. (See also the case of *Montanick v. McMillin*, 225 Iowa 442, 280 N. W. 608.)

In *Kitzel v. Atkeson*, 173 Kan. 198, 245 P. 2d 170, the action was against the driver of an automobile, which, at the time and place in question, occupied the status of a "school bus," to recover for personal injuries sustained by a passenger therein. The school district was not made a party defendant. In discussing the matter it was said:

"For our purposes it is immaterial whether the school district is liable or not, for it is well settled that an agent is liable for his acts of malfeasance or misfeasance." (p. 200.)

Paragraph 2 of the syllabus reads:

"The driver of a school bus or car is personally liable for his own negligence as a result of which injuries are sustained by a pupil while being transported under the circumstances above stated."

In principle as well as in logic, we think that sound public policy requires that a public employee be held accountable for his negligent acts to those who suffer injury by reason of his misconduct, even though he is about the business of his employer (such as here, the school board) which is immune from tort liability under the governmental function doctrine. In other words, the official cloak of immunity should not extend to the negligent employee so as to shield him from answering for his wrongful act by which another has suffered injury.

Considering the petition in this case at its face value, as we are bound to do on demurrer, we think that under the facts, circumstances and conditions alleged, a cause of action is stated against defendant Adams, and as to him, therefore, the demurrer was erroneously sustained.

The order sustaining the demurrer as to defendant board of education is affirmed, and the order sustaining the demurrer as to defendant Adams is reversed.