No. 43,710

STEVEN KOEHN, a Minor, by and through his mother and next friend, *Appellant*, v. THE BOARD OF EDUCATION OF THE CITY OF NEWTON, CARL RICHERT, MRS. MAX SCHEFFLER, J. A. GROVE, M. D., BERNARD PETERSON, WALTER CLAASSEN, and THOMAS WALKER, Board Members, and L. B. GREGG, Principal, *Appellees*.

(392 P. 2d 949)

Opinion filed June 6, 1964.

*A. Martin Millard*, of Wichita, was on the briefs for the appellant.

*Arthur N. Turner* and *Theodore B. Ice*, of Newton, argued the cause, and *C. Fred Ice*, of Newton, was with them on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This action was brought by a fourteen-year-old boy, through his mother, against the board of education of the city of Newton, the duly elected individual board members, and the principal of a junior high school to recover for personal injuries sustained by plaintiff when he was struck in the head while on the school grounds.

The petition, in pertinent part, alleged:

Defendant board of education was a legal entity, the individual board members named were the duly elected board members exercising governing control, and the principal of the school, L. B. Gregg, was an agent, servant and employee of said board.

On or about November 20, 1961, plaintiff returned to school after the noon recess, and it was necessary for him to wait outside the school building until 1:00 p. m., at which time classes resumed. During this waiting period plaintiff was seated on the school ground

when a fellow student picked up another student by grasping him under the armpits and swung him through the air whereby his shoes knocked plaintiff in the head with such force as to render plaintiff senseless. The blow caused severe brain damage, loss of speech, and resulted in plaintiff's becoming a paraplegic for which recovery was sought in a specified amount.

The petition further alleged that plaintiff's injuries were the result of the board's failure to: (1) provide adequate supervision or facilities during the assembly period immediately prior to resuming the afternoon school session and (2) comply with its statutory responsibility, particularly to the plaintiff.

Defendants' joint demurrer on the ground plaintiff's petition failed to state facts sufficient to constitute a cause of action against defendants being sustained, plaintiff has appealed.

The primary question presented is whether or not the petition, as amended, stated a cause of action against the defendant board of education, its members, and its employee, the principal of the school.

Plaintiff predicates his cause of action on G. S. 1961 Supp., 72-1027, which provides that the superintendent or principal of a school shall have charge and control of the public schools subject to the rules and orders of the board, and section 72-1028, which provides that the school board shall maintain a schoolhouse in good repair, shall keep it clean and comfortable and a healthy place for the purpose for which it was intended, and further provides that the school board shall exercise general management over the affairs of the district.

Plaintiff concedes this action is based solely upon defendant board of education's failure to comply with its statutory duty, said duty being to have charge and control of the student body, and its failure to provide to plaintiff a healthful place to receive minimal educational instruction required by statute.

It must be conceded that a board of education is a quasi-municipal corporation and its operation of a public school system, including school playgrounds, constitutes performance of a governmental function, as distinguished from proprietary. (*Rose v. Board of Education*, 184 Kan. 486, 337 P. 2d 652.) The general rule that a governmental corporation or a quasi-municipal corporation, such as the board of education of a city, is never liable for the consequences of a breach of public duty or the neglect or

wrong of its officers unless there is a statute expressly imposing such liability has been followed since *Lumber Co. v. Elliott*, 59 Kan. 42, 51 Pac. 894, through *Jones v. City of Kansas City*, 176 Kan. 406, 408, 271 P. 2d 803, down to *Rose v. Board of Education*, supra. No language in our statute imposes such liability or indicates a legislative purpose that public corporations, such as here, shall suffer a penalty for neglect of their officers. Whatever liability may be incurred by the officers themselves for a breach of public duty, it is certain that in the absence of an express statute imposing such liability the municipalities cannot be held liable for their neglect. (*Lumber Co. v. Elliott*, supra.) In the instant case plaintiff neither attempts to state a cause of action nor seeks to recover against the individual members of the board or the school principal on the point of any tortious act.

Immunity does not apply where a statute expressly imposes a liability or where the governmental body maintains or creates a nuisance or is performing a proprietary function. A review of the amended petition, however, demonstrates no allegation which can be construed as charging the board of education with creating or maintaining a nuisance, nor can there be any doubt but that the board was performing a governmental function as distinguished from proprietary.

Plaintiff also relies on G. S. 1949, 12-201 (the so-called "mob statute"), as permitting a right of action against the board, where there are students gathered on a school ground during an assemblage period prior to resuming afternoon classes. It is his contention that such a group, unsupervised, constitutes a mob. All that need be said about this contention is that the legislature saw fit to limit the application of the provisions of the mentioned statute to incorporated cities and towns. Thus, the statute cannot be extended to include the board of education of a city.

The order of the trial court is affirmed.